Timothy P. Harris, Pro Se
4005 Cherokee Rose Ave.
North Las Vegas, NV. 89031
702-371-3658
extremeps1@cox.net

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

Timothy P. Harris, Pro Se'
Plaintiff

V.

AMERICAN GENERAL FINANCIAL
SERVICES, LLC
Defendant

Case No:

**Civil Rights Violation Complaint**
**Trial By Jury Demanded**

## PLAINTIFFS' SATEMENT OF CLAIM

The Plaintiff is at all times a resident of the State of Nevada County of Clark, Thus establishing the jurisdiction of this honorable court. Specifically §1681p of the FCRA.

The Defendant is governed under these laws and as such is licensed to do business in Nevada.

The Defendant, AMERICAN GENERAL FINANCE is a Credit Lender located at PO Box 45290, Los Angeles, CA. 90054, as such is governed under the law by The Fair Credit Reporting Act 15 USC §1681, *et seq.* and also reports these accounts to the national credit reporting agencies i.e. Trans Union, Equifax, Experian and Innovis all national credit reporting agencies.

The State of Nevada abides by and adheres to these laws. Specifically the Fair Credit Reporting Act 15 USC §1681, *et seq.* and the Telephone Consumer Protection Act Public Law 102-243.

And the Plaintiff brings this action to the fact as to how an alleged account was or was not validated and wrongful actions of the Defendant in the credit reporting of the alleged account, violated the civil rights of the Plaintiff and the law as outlined in the Fair Credit Reporting Act 15 USC §1681, *et seq.*

On or about June 1st 2010 the Plaintiff requested copies of his credit report from the three national credit reporting agencies Trans Union, Experian and Equifax. Upon review the Plaintiff found that the Defendant was reporting erroneous, inaccurate and derogatory information in the plaintiff's credit reports.

28 Upon inspection of the said credit report's the Plaintiff observed that Defendant listed on the
29 Plaintiffs Experian, Equifax and Trans Union credit report. Indicating an account with them.
30 The Plaintiff contacted the Defendant by U.S. Postal Service Certified Mail Return Receipt #
31 7009 3410 0001 0346 7841 on or about June 17, 2010 disputing the information in the Plaintiff's
32 credit report. No reply was received from the Defendant.
33 The Plaintiff contacted Trans Union and disputed the erroneous and inaccurate information via
34 US Cert. Mail # 7009 3410 0001 0346 8060 on June 21, 2010.
35 The Plaintiff contacted Experian and disputed the erroneous and inaccurate information via US
36 Cert. Mail # 7009 3410 0001 0346 8053 on June 21, 2010
37 The Plaintiff contacted Equifax and disputed the erroneous and inaccurate information via Cert.
38 Mail # 7009 3410 0001 0346 8091 on June 21, 2010.
39 All three Credit Reporting Bureaus have indicated they are reporting the information correctly as
40 reported by the Defendant.

42 **Count I under FCRA:**

44 The Defendant American General Finance has been reporting erroneous and inaccurate
45 information in the Plaintiff's credit reports since June 2010 in all three credit reporting bureaus
46 as outlined in the FCRA section Responsibilities of furnishers of information to consumer
47 reporting agencies [15 U.S.C. § 1681s-2] **Reporting erroneous and inaccurate information.**
48 **VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
49 **According to the Fair Credit Reporting Act, section 623. Responsibilities of furnishers of**
50 **information to consumer reporting agencies [15U.S.C. §1681s-2a(i)]:**
51     (a) Duty of furnishers of information to provide accurate information.
52 (1) Prohibition.
53 (A) Reporting information with actual knowledge of errors. A person shall not furnish any
54 information relating to a consumer to any consumer-reporting agency if the person knows or
55 consciously avoids knowing that the information is inaccurate.
56 (B) Reporting information after notice and confirmation of errors. A person shall not furnish
57 information relating to a consumer to any consumer-reporting agency if
58 <u>**(i) the person has been notified by the consumer, at the address specified by the**</u>
59 <u>**person for such notices, that specific information is inaccurate; and**</u>

2

60 (ii) the information is, in fact, inaccurate.
61 (2) Duty to correct and update information. A person who
62 (A) regularly and in the ordinary course of business furnishes information to one or more
63 consumer reporting agencies about the person's transactions or experiences with any consumer;
64 and
65 (B) has furnished to a consumer reporting agency information that the person determines is not
66 complete or accurate, shall promptly notify the consumer reporting agency of that
67 determination and provide to the agency any corrections to that information, or any
68 additional information, that is necessary to make the information provided by the person to the
69 agency complete and accurate, and shall not thereafter furnish to the agency any of the
70 information that remains not complete or accurate.
71 (3) Duty to provide notice of dispute. If the completeness or accuracy of any information
72 furnished by any person to any consumer reporting agency is disputed to such person by
73 a consumer, the person may not furnish the information to any consumer reporting
74 agency without notice that such information is disputed by the consumer.
75 (b) Duties of furnishers of information upon notice of dispute.
76 (1) In general. After receiving notice pursuant to section 611(a)(2) [§ 1681] of a dispute
77 with regard to the completeness or accuracy of any information provided by a person to a
78 consumer reporting agency, the person shall
79 (A) conduct an investigation with respect to the disputed information;
80 (B) review all relevant information provided by the consumer reporting agency pursuant to
81 section 611(a)(2) [§ 1681 i];
82 (C) report the results of the investigation to the consumer reporting agency; and
83 (D) if the investigation finds that the information is incomplete or inaccurate, report those results
84 to all other consumer reporting agencies to which the person furnished the
85 information and that compile and maintain files on consumers on a nationwide basis.
86 (2) Deadline. A person shall complete all investigations, reviews, and reports required
87 under paragraph (1) regarding information provided by the person to a consumer
88 reporting agency, before the expiration of the period under section 611 (a)(1) [§ 1681 i]
89 within which the consumer reporting agency is required to complete actions required by
90 that section regarding that information.

Plaintiff demands judgment in the amount of $12,000.00. Based on every month the Defendant has reported erroneous and inaccurate information times $1000.00 per credit bureau times each month the Defendant has broken the FCRA by updating the report and failing to mark the account in dispute.

**Count II under FCRA:**

The Defendant American General Finance has failed to indicate that the Plaintiffs credit report is in dispute in the Plaintiffs three credit reports as the Defendant has not provided proof of any alleged account from June 2010 and through today in all three credit reporting bureaus. And has failed to indicate that the account is in dispute.

**Failure to mark the account in dispute**

**According to the Fair Credit Reporting Act, section 623. Responsibilities of furnishers of information to consumer reporting agencies [15U.S.C.§1681s-2(3)]:**

(a) Duty of furnishers of information to provide accurate information.

(1) Prohibition.

(A) Reporting information with actual knowledge of errors. A person shall not furnish any information relating to a consumer to any consumer-reporting agency if the person knows or consciously avoids knowing that the information is inaccurate.

(B) Reporting information after notice and confirmation of errors. A person shall not furnish information relating to a consumer to any consumer-reporting agency if

(i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and

(ii) the information is, in fact, inaccurate.

(2) Duty to correct and update information. A person who

(A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

(B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and

123 accurate, and shall not thereafter furnish to the agency any of the information that remains not
124 complete or accurate.
125 **(3) Duty to provide notice of dispute. If the completeness or accuracy of any**
126 **information furnished by any person to any consumer reporting agency is**
127 **disputed to such person by a consumer, the person may not furnish the**
128 **information to any consumer reporting agency without notice that such**
129 **information is disputed by the consumer.**
130 On the Plaintiffs credit reports Experian, Trans Union, and Equifax does not reflect that the
131 information is disputed by the consumer even though the Plaintiff has sent a letter of dispute to
132 the Defendant and to date the Defendant has not responded.
133 Plaintiff demands judgment in the amount of $12,000.00. Based on every month the Defendant
134 has failed to mark the account in dispute times $1000.00 per violation per credit bureau times
135 each month the Defendant has broken the FCRA by updating the report.
136 Plaintiff re-alleges the allegations set forth in paragraphs 1 through 17 hereinabove.
137 **Count III under the TCPA:**
138 **Telephone Consumer Protection Act Public Law 102-243**
139 The Defendant has called the Plaintiff with unsolicited phone calls a number of times
140 The Plaintiff has been denied use of his cell phone service based on the fact the Defendant has
141 cost the Plaintiff "money" in the term of minutes used. A list of the contact information is below.
142 The Plaintiff can provide a statement from the cell phone service provider if required.
143 7-6-2010 @3:12pm from Misty,7-7-2010 @5:01pm from Deanna,7-9-2010 @3:15pm from
144 Misty,7-12-2010 @1:43pm from Deanna,7-13-2010 @11:59am from unknown,7-14-2010
145 @3:22pm from Deanna,7-23-2010 @12:47pm from Misty,7-27-2010 @2:18pm from Patricia,7-
146 28-2010 @11:31am from Patricia,7-29-2010 @12:39pm from Deanna,7-30-2010 @2:21pm from
147 unknown,7-31-2010 @11:01am from Deanna,8-2-2010 @4:40pm from Deanna,8-6-2010
148 @1:35pm from Deanna,8-9-2010 @4:49pm from Deanna,8-10-2010 @4:19pm from Deanna,8-
149 11-2010 @11:42am from Deanna,8-12-2010 @6:15pm from Deanna,8-16-2010 @4:28pm from
150 Deanna,8-18-2010 @12:45pm from Deanna,8-19-2010 @2:29pm from Deanna,8-20-2010
151 @2:59pm from Deanna,8-23-2010 @2:56pm from Deanna. Total of 23 times. The penalty for
152 this is $1500.00 per call.
153 Plaintiff demands judgment in the amount of $34,500.00

**Summation:**

Plaintiff has a negatively impacted credit score as of this date and has been denied credit and/or denied credit at reasonable rates because of the willful noncompliance and negligent actions of erroneous and inaccurate reporting and or inaction's of the Defendant. The Plaintiff has been deprived of "money" in the form of minutes used by the Defendant's repeated and harassing phone calls.

**WHEREFORE,** the Defendant has violated the Fair Credit Reporting Act and the TCPA. Plaintiff demands Judgment in the amount of $58,500.00, plus all costs of this action along with punitive damages in the amount of $50,000.00.

Respectfully submitted this 27 Day of September 2010.

*/s/ Timothy P. Harris/*

Timothy P. Harris
4005 Cherokee Rose Ave.
North Las Vegas, NV. 89031
702-371-3658
extremeps1@cox.net

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the forgoing complaint/summons Harris vs. American General Financial Defendants has been served at their registered agent's place of business at CSC SERVICES OF NEVADA INC., 502 EAST JOHN STREET, CARSON CITY, NV 89706, on or about ___27___ day of September 2010 with affidavit of service by Process Service Receipt to be submitted to the Clerk of the Court.

*/s/ Timothy P. Harris/*

Timothy P. Harris
4005 Cherokee Rose Ave.
North Las Vegas, NV. 89031
702-371-3658
extremeps1@cox.net