**FENNEMORE CRAIG, P.C.**
DAVID W. DACHELET, ESQ.
Nevada Bar No. 6615
300 S. 4th Street, 14th Floor
Las Vegas, Nevada 89101
Telephone: 702.692.8000
Facsimile: 702.692.8099
E-mail: ddachele@fclaw.com

*Attorneys for Defendant American General Financial Services of America, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TIMOTHY P. HARRIS, Pro Se,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN GENERAL FINANCIAL SERVICES LLC,<br><br>Defendant. | Case No.:   2:10-cv-01662-GMN-LRL<br><br>**DEFENDANT'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

Defendant AMERICAN GENERAL FINANCIAL SERVICES OF AMERICA, INC. ("American General" or "Defendant"), erroneously sued as AMERICAN GENERAL FINANCIAL SERVICES, LLC, by and through its undersigned counsel, hereby moves this Court for an Order staying discovery and the requirements of LR 26-1 and Fed. R. Civ. P. 26(f) pending the resolution of its Motion to Dismiss Plaintiffs' Complaint (Doc. # 6).

American General bases the instant Motion on the papers and pleadings on file herein, the Memorandum of Points and Authorities that follows, and any oral argument this Court chooses to entertain, all of which demonstrate that the submittal of a stipulated discovery plan and scheduling order will be fruitless and/or wasteful until the Court rules on Defendant's Motion to Dismiss Plaintiff's Complaint.

/ / /

/ / /

/ / /

LAS/102911.1/12547.009

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

American General should not be required to conduct discovery on claims that are subject to its pending Motion to Dismiss because the motion will likely cause the dismissal of numerous, if not all, of Plaintiff's groundless claims against it. The requirement to meet and confer and, thereafter, actually conduct written discovery and depositions on these groundless claims would waste both the parties' and this Court's resources. Instead, this Court should stay the requirements of LR 26-1 and Fed. R. Civ. P. 26(f) so that, if necessary, discovery will only be conducted on those claims and allegations that remain after this Court decides Defendant's pending Motion to Dismiss.

## II.

## STATEMENT OF FACTS

On August 19, 2010, American General filed a Complaint against Plaintiff in Clark County Justice Court because Plaintiff was in default on the Loan he obtained from American General. On September 29, 2010, the Justice Court rendered a Judgment in favor of American General and against Defendant in the amount of $4,315.27. *See* Justice Court's certified copy of Judgment, attached hereto as **Exhibit A**.[1]

Meanwhile, on September 27, 2010, Plaintiff filed his own Complaint against American General in the instant action. Here, Plaintiff alleges that American General has violated of the Fair Credit Reporting Act (the "FCRP") and the Telephone Consumer Protection Act (the "TCPA"), thereby causing him damages. *See* Complaint, Counts One and Two (FRCP) and Count Three (TCPA) (Doc. # 1). Specifically, Plaintiff alleges that American General reported erroneous information on Plaintiff's credit report regarding the very debt that the Justice Court validated through the issuance of a Judgment. *Id.* Additionally, Plaintiff alleges that American General's

---

[1] This Court has been asked, through American General's filing of its Motion to Dismiss (Doc. # 6), to take judicial notice of the Certified Copy of this Judgment.

LAS/102911.1/12547.009

FENNEMORE CRAIG, P.C.
300 S. 4TH STREET, 14TH FLOOR
LAS VEGAS, NEVADA 89101
(702) 692-8000 FAX (702) 692-8099

1  telephone calls to Plaintiff, in an attempt to collect on their court-validated debt, constitute a
2  violation of the TCPA and he should be the benefactor of untold damage awards.  *See id.*

3  After being served with process in this matter, on October 20, 2010 American General
4  filed its Motion to Dismiss Plaintiff's Complaint ("Motion to Dismiss").  *See* Motion to Dismiss
5  Plaintiff's Complaint (Doc. # 6).  Said Motion seeks the dismissal of Plaintiff's entire Complaint.
6  *Id*.  The filing of American General's Motion to Dismiss constitutes an appearance under LR 26-1,
7  giving rise to the parties' requirement to conduct a discovery conference within thirty (30) days of
8  such filing, or by November 20, 2010.  *See* LR 26-1(d). Within fourteen (14) days after said
9  discovery conference, the parties would then need to submit their discovery plan and scheduling
10 order to the Court.  *Id*.

11 Following the submission and adoption of this proposed order by this Court, discovery
12 would begin, and the time to meet the deadlines stated in the resulting Discovery Scheduling
13 Order would begin to run.  These discovery deadlines will cause the parties to each conduct <u>all</u>
14 discovery related to <u>all</u> of the spurious claims alleged by Plaintiff on a rigorous schedule.
15 American General submits that discovery, at this point, would be a waste of the parties' time and
16 money given the pending Motion to Dismiss and the likelihood that said Motion will be granted.

17 American General's Motion to Dismiss is currently pending before the District Court, and
18 it is quite possible that said Motion will not be decided before several of the discovery deadlines
19 expire or become uncomfortably short in this case.  In order to save the parties from unnecessary
20 discovery costs, American General brings this Motion seeking a stay of these deadlines pending a
21 resolution on its Motion to Dismiss.  Specifically, it is requested that the Magistrate Judge stay the
22 requirements of LR 26-1 and Fed. R. Civ. P. 26(f) until such time as the Court issues its decision
23 on American General's pending Motion to Dismiss.
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

LAS/102911.1/12547.009

**FENNEMORE CRAIG, P.C.**
300 S. 4TH STREET, 14TH FLOOR
LAS VEGAS, NEVADA 89101
(702) 692-8000 FAX (702) 692-8099

### III.

### **LEGAL ARGUMENT**

Judges and magistrate judges have a great deal of discretion in staying proceedings while dispositive motions are pending. *See* Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1560 (11th Cir. 1985)("…a magistrate has broad discretion to stay discovery pending decision on a dispositive motion."); *see also* Wood v. McEwen, 644 F.2d 797, 801 (9th Cir. 1981) and B.R.S. Land Investors v. United States, 596 F.2d 353, 356 (9th Cir. 1979)(The court may stay discovery when convinced plaintiff cannot state a claim for relief.).

In the instant matter, the discovery requirements of LR 26-1 and Fed. R. Civ. P. 26(f) should be stayed because American General's Motion to Dismiss is a dispositive motion that will likely dismiss most, if not all, of Plaintiff's claims. In the meantime and while its Motion to Dismiss is pending before the District Court, American General should not be required to expend valuable time and resources, not to mention incurring attorneys' fees, all to conduct discovery on claims that will likely be dismissed.

A. *THE MAGISTRATE JUDGE SHOULD STAY DISCOVERY BECAUSE THE PENDING MOTION TO DISMISS IS DISPOSITIVE OF ALL CLAIMS AND CAN BE DECIDED WITHOUT THE NEED FOR ANY DISCOVERY.*

Courts within the Ninth Circuit have given guidance as to when a stay of discovery should be granted:

> First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed. Second, the court must determine whether the pending dispositive motion can be decided absent additional discovery. If the court answers these two questions in the affirmative, a protective order may issue.

Pac. Lumber Co. v. Nat'l Union Fire Ins. Co., 220 F.R.D. 349, 352 (N.D. Cal. 2003) (*citing* Panola, 762 F.2d at 1560; Church of Scientology v. Internal Revenue Serv., 991 F.2d 560, 563 (9th Cir. 1993)).

/ / /

/ / /

/ / /

LAS/102911.1/12547.009

1   In this case, both facts and the law support the entry of an order staying discovery. First, American General's Motion to Dismiss is a dispositive motion directed to each of the baseless claims asserted in Plaintiff's Complaint. If the Motion is granted, it would render any discovery moot. Second, because American General's Motion to Dismiss is based on Fed. R. Civ. P. 12(b)(6), it can certainly be decided without any discovery being conducted at all. As such, both prongs outlined in Pacific Lumber are met, and this Court may properly stay discovery pending the outcome of American General's Motion to Dismiss.

Should a stay not issue, each of the groundless allegations raised by Plaintiff's defective Complaint will need to be explored through cumbersome discovery. During this premature discovery, in the absence of an Answer, Plaintiff will not be placed on notice of American General's affirmative defenses, counterclaims (if any), and cross-claims (if any), as American General will not have filed its responsive pleading to Plaintiff's Complaint. Simply put, discovery on any issues at this stage of litigation is premature and makes little sense. The absence of an order staying discovery will likely cause the parties to unnecessarily expend their limited resources and, perhaps, the Court's resources, too.

## IV.

## CONCLUSION

It will be detrimental and burdensome for American General to be required to conduct discovery and meet ongoing discovery deadlines before the parties know which claims, if any, that this Court deems viable. Should Plaintiff's claims be dismissed, which is anticipated, then discovery will be totally unnecessary. Neither American General nor the Plaintiff should be required to expend the substantial time, effort and money necessary to conduct expensive discovery until the pleadings have been closed and the parties are actually aware of what claims, if

/ / /
/ / /
/ / /
/ / /
/ / /

LAS/102911.1/12547.009

1   any, and defenses are being asserted.  Accordingly, American General respectfully requests that
2   this Court exercise its discretion and enter an order staying all discovery in this matter until the
3   Court issues its ruling on American General's Motion to Dismiss.
4         DATED this 5th day of November, 2010.

**FENNEMORE CRAIG, P.C.**

By: */s/ David W. Dachelet*
    DAVID W. DACHELET
    Nevada Bar No. 6615
    300 S. 4th Street, 14th Floor
    Las Vegas, Nevada  89101
    Telephone: 702.692.8000
    Facsimile:  702.692.8099
    E-mail: ddachele@fclaw.com
*Attorneys for Defendant American General Financial Services of America, Inc.*

PLAINTIFF SHALL FILE A RESPONSE TO THIS MOTION NOT LATER THAN NOVEMBER 23, 2010.

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE
DATED: 11-9-10

LAS/102911.1/12547.009

# CERTIFICATE OF SERVICE

On November 5, 2010, I served the following document(s):

**DEFENDANT'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

I served the above-named document(s) by the following means to the persons as listed below:

[ ]  **By ECF System** (or the "Notice of Electronic Filing" to all addressees):

[X]  **By U.S. Mail**, postage fully prepared to persons and addresses as follows:

Timothy P. Harris
4005 Cherokee Rose Avenue
North Las Vegas, Nevada 89031-3685
*Plaintiff In Pro Per*

[ ]  **By Personal Service (to persons and addresses):**

[ ]  For a party represented by an attorney, delivery was made by handling the document(s) to the attorney or by leaving the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

[ ]  For a party, deliver was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

[ ]  **By Direct Email** (as opposed to through the ECF system (list persons and email addresses). Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ]  **By Facsimile Transmission:** (list persons and fax numbers): Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

[ ]  **By Messenger:** I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger

FENNEMORE CRAIG, P.C.
300 S. 4TH STREET, 14TH FLOOR
LAS VEGAS, NEVADA 89101
(702) 692-8000 FAX (702) 692-8099

LAS/102911.1/12547.009

1 | service. (A declaration by the messenger must be attached to this Certificate of Service).

2 | I declare under penalty of perjury that the foregoing is true and correct.

3 | DATED this 5th day of November, 2010.

*/s/ Shirley May Martir-Ligot*
An Employee of Fennemore Craig, P.C.

**FENNEMORE CRAIG, P.C.**
300 S. 4TH STREET, 14TH FLOOR
LAS VEGAS, NEVADA 89101
(702) 692-8000 FAX (702) 692-8099

LAS/102911.1/12547.009

# Exhibit "A"

Exhibit "A"

# JUSTICE COURT, NORTH LAS VEGAS TOWNSHIP
## Clark County Nevada

| | |
|---|---|
| AMERICAN GENERAL FINANCE | |
| PLAINTIFF(S), | |
| VS | CASE NO. 10AN000380 |
| TIMOTHY P HARRIS | **JUDGMENT** |
| DEFENDANT(S). | RENDERED ON: 09/29/2010 |

This matter, having come before the Court for trial, or having been reduced to a confession of judgment, or Defendant(s) having failed to appear for the scheduled hearing, it is hereby ordered that Plaintiff(s) shall have and recover against Defendant(s) as follows:

| | |
|---|---|
| PRINCIPAL AMT. OF JUDGMENT: | $ 4,109.27 |
| COURT COSTS: | $ 206.00 |
| ATTORNEY'S FEES: | $ 0.00 |
| OTHER FEES: | $ 0.00 |
| TOTAL: | $ 4,315.27 |

TERMS (IF ANY): _____

If a trial was held in this matter, and if written findings of fact and conclusions of law were specifically requested by the parties, those findings and conclusions will be attached on the next page(s).

Pursuant to Rule 98 and Rule 6 of the Justice Court Rules of Civil Procedure, a party may appeal from this judgment to District Court. The filing of the Notice of Appeal must be done **within five days** from the date listed below. If the fifth day falls on a Saturday, Sunday, or holiday, the deadline will be extended until the end of the next judicial day.

CERTIFIED COPY
The document to which this certificate is attached is a full, true and correct copy of the original on file and of record in Justice Court of North Las Vegas Township, in and for the County of Clark, State of Nevada.
By: _____ Deputy
DATE: OCT 1 1 2010

STEPHEN J DAHL, 09/29/2010
**JUSTICE OF THE PEACE**

NLVCVORD50
Rev. 6/28/05