1 Timothy P. Harris, Pro Se'
2 4005 Cherokee Rose Ave.
3 North Las Vegas, NV. 89031          2010 NOV 17  P 2: 17
4 702-371-3658
5 Extremeps1@cox.net
6

7 **IN THE UNITED STATES DISTRICT COURT**
8 **FOR THE DISTRICT OF NEVADA**

Timothy P. Harris, Pro Se'          )
Plaintiff                           )          Case No: 2:10-cv-01662-GMN-LRL
                                    )
V.                                  )          **Civil Rights Violation Complaint**
                                    )          **Trial By Jury Demanded**
AMERICAN GENERAL FINANCIAL          )
SERVICES OF AMERICA, INC.           )
Defendant                           )

9 ## RESPONSE TO MOTION TO STAY DISCOVERY
10
11 ### I.  Background

12     The Plaintiff, Timothy Harris (hereinafter referred to as Consumer) filed a

13 suit against Defendant American General Financial Services of America, a Credit

14 Lender/Information Provider to the Credit Reporting Agencies (hereinafter referred

15 to as CRA's), on or about the 27th of September, 2010.  This suit is based on

16 violations of the Fair Credit Reporting Act (hereinafter referred to as FCRA) 15

17 USC §1681, *et seq* and the Telephone Consumers Protection Act (hereinafter

18 referred to as TCPA) 47 U.S.C. § 227.  This case is about whether or not

19 Defendant/Information Provider violated the Consumer's civil rights when an

20 alleged account was disputed with both Defendant/Information Provider and the

21 CRA's.  Did Defendant/Information Provider actually mark the Consumers alleged

22 account in dispute?  Did Defendant/Information Provider perform an investigation

23 into this alleged account that had been disputed by the Consumer?  Was

24 Defendant/Information Provider reporting false and erroneous information on the

25 Consumer?  Did Defendant/Information Provider inappropriately call the

1

26  Consumer on his cellular phone twenty three times in one month with or without
27  automated callers or human people?  These are the questions that pertain to the
28  facts of the case and whether or not the Consumer's civil rights have been violated
29  or not.  **Please see Plaintiff's attached Affidavit of Facts.**

30      The Defendant/Information Provider would have you believe that there are
31  alleged monies involved, alleged monies owed, alleged accounts, and or alleged
32  judgments.  Consumer will again put out for judicial notice that the ONLY matters
33  before this court are whether or not the Consumer's civil rights have been violated.
34  The Defendant/Information Provider continues to bring matters before this court
35  that are not on record and have no bearing on this case whatsoever and is trying to
36  DIVERT and MIS-LEAD the court away from the facts of the case.

37      On or about June 1st 2010 the Consumer requested copies of his credit report
38  from the three national CRA's.  Consumer noticed that the Defendant/Information
39  Provider was reporting false information on his reports.  The Consumer sent letters
40  of dispute to the Defendant/Information Provider and all three CRA's via United
41  States Certified Mail with return receipt.  **Please see Plaintiff's attached Affidavit**
42  **of Facts.**

43      The Consumer then received copies of his credit report from the credit
44  reporting agencies indicating that they, the CRA's, are reporting correctly as
45  reported by the Defendant/Information Provider even though the Consumer's
46  reports have not been marked in dispute.  **Please see Plaintiff's attached**
47  **Affidavit of Facts**.  This fact alone gives the Consumer the right for this action
48  under the FCRA.

49      The Defendant/Information Provider has continued to exist in the
50  Consumer's credit report without marking the alleged account in dispute and so
51  now the Defendant/Information provider is reporting false and erroneous
52  information on the Consumer thus giving more cause for this action.  The

2

53  Defendant/Information Provider has now damaged the Consumer in that, the
54  Consumer can no longer get credit or get credit at reasonable rates due to the
55  inaccuracies on the CRA's reports.

56       The Defendant/Information Provider called the Consumer twenty three times
57  in one month.  Since there has not been any permissible permission shown for
58  these calls and since they have been made to the Consumer's cellular phone, they
59  have cost the Consumer money in the terms of minutes used up on the Consumer's
60  cellular plan which has a finite amount of time allowed in the plan.  The
61  Defendant/Information Provider would have you believe that these are not
62  automated calls being made.  Without being allowed to go to discovery to be able
63  to verify, the court will never know the truth to these facts.  Even if it is found out
64  that the Defendant/Information Provider used humans for these calls…how would
65  a jury feel and determine about the Harassment and Dunning performed by the
66  Defendant/Information Provider without there being a permissible purpose.  The
67  plain language of the TCPA is there for explicitly this reason…to protect the
68  Consumer and his rights.

## II. Argument

70       First, Defendant's/Information Provider's motions to dismiss are
71  wholly without merit, as Consumer demonstrated in its response to the motion.
72  Second, even if there were some validity to the motions to dismiss (which there is
73  not), it is certainly not "immediate and clear" that those motions to dismiss will
74  result in the dismissal with prejudice of every claim that Consumer has established.
75  As such, a stay in discovery will only serve to delay the progress of the lawsuit and
76  prejudice the Consumer.

77       On a motion to stay, the moving party bears the burden of showing good
78  cause and reasonableness. Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D.
79  261, 263 (M.D.N.C.1988).  Motions for a protective order which seek to prohibit

3

80   or delay discovery are not favored.  Kron Med. Corp. v. Groth, 119 F.R.D. 636,

81   637 (M.D.N.C. 1988) (citing Medlin v. Andrew, 113 F.R.D. 650, 652-53

82   (M.D.N.C. 1987)). This Court should deny Defendant's/Information Provider's

83   Motions to Stay Discovery because: (1) the likelihood that the pending motions

84   will dispose of the entire case is very small, and (2) a delay in discovery will

85   prejudice Consumer.

86        A stay is inappropriate because it is not likely that the

87   Defendant's/Information Provider's motion to dismiss will dispose of the entire

88   case or even part of the case.  Counsel for the Defendant/Information Provider says

89   in his case law that "…a magistrate has broad discretion to stay discovery pending

90   decision on a dispositive motion."  While this may be true based on that case, see

91   Bocciolone v. Solowsky, No. 08-20200-CIV, 2008 WL 2906719, *1(S.D. Fla. July

92   24, 2008) (stating that "courts have consistently rejected any per se requirement to

93   stay discovery pending resolution of a dispositive motion"). In addition, "a request

94   to stay all discoveries pending resolution of a motion is rarely appropriate where

95   resolution of the motion will not dispose of the entire case." Simpson, 121 F.R.D.

96   at 263.

97        When the court is making the decision on whether or not a stay of discovery

98   should be allowed pending the outcome on a motion to dismiss. A case-by-case

99   analysis is required, since such an inquiry is necessarily fact specific and depends

100  on particular circumstances and postures of each case.  United States v. A.T.

101  Massey Coal Co., No. 2:07-0299, 2007 U.S. Dist. LEXIS 77501, *6 (S.D. W. Va.

102  October 18, 2007). "The Court inevitably must balance the harm produced by a

103  delay in discovery against the possibility that the motion will be granted and

104  entirely eliminate the need for such discovery." Simpson, 121 F.R.D. at 261. As

105  such, it is "helpful to take a preliminary peek at the merits of the allegedly

106  dispositive motion to see if on its face there appears to be an immediate

107  and clear possibility that it will be granted." Id. (emphasis added) (denying the
108  Defendant's/Information Provider's motion for a protective order staying all
109  discovery pending the ruling on their motions to dismiss the complaint because the
110  court "did not perceive an immediate and clear possibility that the motion to
111  dismiss will be granted and that this will terminate the action".) There is a greater
112  likelihood that the current action will move forward in litigation and that discovery
113  will be necessary to resolve the dispute.  A stay in this case is not appropriate and
114  would only delay the progress of this action.

115    The Court should not stay discovery because it will prejudice the plaintiff by
116  creating an unnecessary delay in the resolution of the Plaintiff's case.  Courts do
117  not ordinarily "favor staying discovery pending resolution of dispositive motions
118  or motions to dismiss because of the delay such a stay may occasion in obtaining a
119  timely resolution of the matter." Hall v. Witteman, No. 07-4128-SAC, 2008 WL
120  1743439, 2 (D.Kan. April 14, 2008); see also Simpson, 121 F.R.D. at 263 (same)
121  (citing Kron, 119 F.R.D. at 636).  The United States District Court in the Middle
122  District of North Carolina said, "Disruption or prolongation of the discovery
123  schedule is normally in no one's interest. A stay of discovery duplicates costs
124  because counsel must reacquaint themselves with the case once the stay is
125  lifted. Matters of importance may be mislaid or avenues unexplored. A case
126  becomes more of a management problem to the Court when it leaves the normal
127  trial track. While time may heal some disputes, in others it merely permits more
128  opportunity for festering."  Also a request to stay discovery pending resolution of a
129  motion to dismiss should be denied where resolution of the pending motion, even
130  if valid as to each claim, is not necessarily dispositive because the pleading easily
131  may be amended to correct the alleged pleading deficiencies see Howard v. Galesi,
132  107 F.R.D. 348, 352 (S.D.N.Y. 1985.)

5

133    Kron, 119 F.R.D. at 638 (refusing to grant a stay of discovery even though

134    discovery was not relevant to the motion before the court). Further, courts need to

135    "remain mindful of their responsibility to expedite discovery and minimize delay."

136    Id. at 637; see also Baron Fin. Corp. v. Natanzon, 240 F.R.D. 200, 203 (D. Md.

137    2006) (quoting Hachette Distrib., Inc. v. Hudson County News, Co. 136 F.R.D.

138    356 (E.D.N.Y. 1991) (stating that a stay of discovery may be improper where the

139    court determines that granting it "would not serve the interest of the just and

140    speedy administration of a lawsuit"). If a stay were granted while waiting for

141    determination of the motion to dismiss, it would necessarily prejudice the

142    Consumer in this case.

143      In addition, the motions to dismiss in this case are not of the type and kind in

144    which it is immediate and clear from the face of the Complaint that

145    Defendant's/Information Provider's motions will be granted. More than likely, the

146    Defendant's/Information Provider's motions will not be granted and the case will

147    continue beyond this motion to dismiss stage. As such, a stay of all discovery will

148    not limit costs, as the Defendant/Information Provider contend, but will only serve

149    to delay and extend the inevitable progress of the current action.

150    Defendant/Information Provider has failed to meet their burden of showing good

151    cause and reasonableness. Consumer has a right to have its case proceed forward

152    without being prejudiced by the unnecessary delay that a stay of all discovery

153    would create.

154    ### III.   Conclusion

155    Based on everything that has been shown to the court in the foregoing and on

156    the fact that Defendant's/Information Provider's counsel is continually trying to

157    DIVERT and MISLEAD the court away from the facts of the case by bringing up

158    irrelevant, immaterial, impertinent, and scandalous information about alleged loans

159   and judgments, the Plaintiff/Consumer now moves this court to deny
160   Defendant's/Information Provider's Motion To Stay Discovery.
161
162
163
164   Respectfully submitted this 17th day of September, 2010.
165
166
167
168   Timothy P. Harris
169   4005 Cherokee Rose Ave.
170   North Las Vegas, NV. 89031
171   702-371-3658
172   extremeps1@cox.net
173
174
175   **<u>CERTIFICATE OF SERVICE</u>**
176
177   I, the Plaintiff, Timothy Harris, does hereby certify that a copy of this Reply To
178   Defendnant's Motion To Stay Discovery was sent to the Defendant  American
179   General Financial Services Of America, Inc. through their attorney of record David
180   W. Dachelet, Esq., Nevada Bar No. 6615, 300 South Fourth Street, Suite 1400, Las
181   Vegas, Nevada 89101 for the purpose of satisfying the requirement for Notice and
182   Service and was sent via the United States Postal Service pursuant to Federal Rules
183   of Civil Procedure 4 (c) (2) (c) (i). This will also be available to any and all
184   PACER ECF participants and will serve as Notice and Service.
185
186
187
188   Timothy P. Harris
189   4005 Cherokee Rose Ave.
190   North Las Vegas, NV. 89031
191   702-371-3658
192   extremeps1@cox.net
193

1  Timothy P. Harris, Pro Se'
2  4005 Cherokee Rose Ave.
3  North Las Vegas, NV. 89031
4  702-371-3658
5  extremeps1@cox.net
6
7              **IN THE UNITED STATES DISTRICT COURT**
8                **FOR THE DISTRICT OF NEVADA**

Timothy P. Harris, Pro Se'  )
Plaintiff                                   )
                                               )         Case No: 2:10-cv-01662-GMN-LRL
V.                                          )
                                               )         **Civil Rights Violation Complaint**
AMERICAN GENERAL FINANCIAL   )      **Trial By Jury Demanded**
SERVICES,LLC                          )
Defendant                              )

9   <u>**AFFIDAVIT OF FACTS IN SUPPORT OF RESPONSE TO DEFENDANT'S**</u>
10                        <u>**MOTION TO STAY**</u>
11
12         The following is the true and correct statement of Plaintiff, Timothy Harris,
13  on and for the record.  This statement is made to the best of his knowledge.  The
14  specifics of this case are as follows:
15
16     1.  On or about June 1st, 2010, Plaintiff, a Consumer according to the
17          definitions of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. noticed
18          that the Defendant, a Creditor/Information Provider according to the
19          definitions of the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq. was
20          existing in the Plaintiff's credit report files with inaccurate information.
21     2.  The Plaintiff contacted the Defendant by United States Postal Service
22          Certified Mail Return Receipt # 7009 3410 0001 0346 7841 on or about June
23          17, 2010 disputing the information in the Plaintiff's credit report. The
24          Defendant received this letter on June 20th, 2010.  No reply was received
25          from the Defendant.  **See Exhibit A**

1

3. The Plaintiff contacted Trans Union and disputed the erroneous and inaccurate information via US Cert. Mail # 7009 3410 0001 0346 8060 on June 21, 2010.  Trans Union received this letter on June 24th, 2010.  **See Exhibit A**

4. The Plaintiff contacted Experian and disputed the erroneous and inaccurate information via US Cert. Mail # 7009 3410 0001 0346 8053 on June 21, 2010.  Experian received this letter on June 23rd, 2010.  **See Exhibit A**

5. The Plaintiff contacted Equifax and disputed the erroneous and inaccurate information via Cert. Mail # 7009 3410 0001 0346 8091 on June 21, 2010.  Equifax received this letter on June 24th, 2010.  **See Exhibit A**

6. All three Credit Reporting Bureaus have indicated they are reporting the information correctly as reported by the Defendant, yet the Plaintiff's alleged account HAS NOT been marked in dispute. **See Exhibits B,C,D,E**

7. This refusal to mark the Plaintiff's alleged account in dispute is a violation of the Fair Credit Reporting Act, section 623. **Responsibilities of furnishers of information to consumer reporting agencies** [15U.S.C. §1681s-2a(i)]

8. The Defendant now continues to exist in the Plaintiff's credit report without marking his alleged account in dispute which is a violation of the Fair Credit Reporting Act, section 623. **Responsibilities of furnishers of information to consumer reporting agencies** [15U.S.C.§1681s-2(3)]:

9. The Defendant has called the Plaintiff twenty three times in the period of one month on his cellular phone which has a finite number of allowable minutes.  The Defendant has not proven any permissible purpose for these calls and therefore has monetarily damaged the Plaintiff by costing him money in the terms of "minutes used" on his cellular plan which has a finite number of minutes allowed for use each month.  This is a violation of the

Telephone Consumer Protection Act section 227. **Restrictions on the use of telephone equipment** [47 U.S.C. § 227]

10. On or about September 15, 2010, the Plaintiff, trying to resolve this dispute administratively sent a Notice of Pending Lawsuit to the Defendant in an attempt to reach a resolution. The letter was received on September 20th, 2010. No reply was received from the Defendant.

11. On or about September 27th, 2010 the Plaintiff filed his complaint in the United States District Court for the District of Nevada. It was given case number 2:10-cv-01662-GMN-LRL. **See Court Document # 1 in regards to this case.**

12. The Defendant was served the summons for this case on September 29th, 2010 and the summons was filed into the official record on October 6th, 2010.

13. The Plaintiff does not want this case to be adjudicated by a Magistrate Judge as is evidenced by the Plaintiff **not** filing form AO-85 into the record. The Plaintiff only wants this case to be heard by the District Court Judge assigned to it and will wait if it is needed for the court to be able to make this happen.

14. These are the only matters before this court. Anything else brought forth in this case is irrelevant, immaterial, impertinent and scandalous.

15. At NO TIME has this case EVER been about any alleged monies, alleged monies owed, alleged contracts or judgments. This case is about what the Defendant failed to do when an alleged account was disputed with them.

3

79   Respectfully submitted this 17th day of November, 2010

80

81

82   Timothy P. Harris
83   4005 Cherokee Rose Ave.
84   North Las Vegas, NV 89031
85   702-371-3658
86   extremeps1@cox.net

87   State of NEVADA
88   County of CLARK
89
90   Subscribed and sworn to (or affirmed) before me, _Cynthia Horner_, Notary Public,
91   on this _17_ day of _November_, 2010 by _Timothy Harris_.
92   Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

93

94   WITNESS my hand and official seal.
95
96
     _My Commission Expires 11-13-13_
97   Notary Public

         CYNTHIA HORNER
     Notary Public, State of Nevada
     Appointment No. 09-11304-1
     My Appt. Expires Nov 13, 2013

98
99

100   **CERTIFICATE OF SERVICE**

101   I, the Plaintiff, Timothy Harris, does hereby certify that a copy of this Affidavit
102   was sent to the Defendant  American General Financial Services Of America, Inc.
103   through their attorney of record David W. Dachelet, Esq., Nevada Bar No. 6615,
104   300 South Fourth Street, Suite 1400, Las Vegas, Nevada 89101 for the purpose of
105   satisfying the requirement for Notice and Service and was sent via the United
106   States Postal Service pursuant to Federal Rules of Civil Procedure 4 (c) (2) (c) (i).
107   This will also be available to any and all PACER ECF participants and will serve
108   as Notice and Service.

109
110
111
112   Timothy P. Harris
113   4005 Cherokee Rose Ave.
114   North Las Vegas, NV. 89031
115   702-371-3658
116   extremeps1@cox.net
117

4

# EXHIBIT A

# EXHIBIT A

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provid*

For delivery information visit our website at www.usps.com

OFFICIAL USE

LOS ANGELES CA 90054

| Postage | $ | $0.44 | 0094 |
| Certified Fee | | $2.80 | 11 Postmark |
| Return Receipt Fee (Endorsement Required) | | $2.30 | Here |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | 0102 LTR |
| Total Postage & Fees | $ | $5.54 | 06/17/2010 |

Sent To American General Finance
Street, Apt. No.; or PO Box No. P. O. Box 54290
City, State, ZIP+4 Los Angeles, CA 90054-0290

PS Form 3800, August 2006          See Reverse for I

7009 3410 0001 0346 7841

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

American General Finance
P. O. Box 54290
Los Angeles, CA 90054-0290

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addresse
B. Received by ( Printed Name)  C. Date of Deliver
Cesar Se   JUN 20 2010
D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandis
☐ Insured Mail   ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service lab   7009 3410 0001 0346 7841

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-154

---

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provid*

For delivery information visit our website at www.usps.com

OFFICIAL US

ALLEN TX 75013

| Postage | $ | $0.44 | 0094 |
| Certified Fee | | $2.80 | 0 Postmark |
| Return Receipt Fee (Endorsement Required) | | $2.30 | Here |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | |
| Total Postage & Fees | $ | $5.54 | 06/21/2010 |

Sent To Experian - AG
Street, Apt. No.; or PO Box No. P. O. Box 2002
City, State, ZIP+4 Allen, TX 75013

PS Form 3800, August 2006          See Reverse for Ins

7009 3410 0001 0346 8053

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Experian
P. O. Box 2002
Allen, TX 75013

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addresse
B. Received by (Printed Name)  C. Date of Deliver
EXPERIAN CMAIN PARKWAY
D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandis
☐ Insured Mail   ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label   7009 3410 0001 0346 8053

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-15

## First Receipt

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Pro*

For delivery information visit our website at www.usps.c

OFFICIAL USE

ATLANTA GA 30374

| | | |
|---|---|---|
| Postage | $ $0.44 | 0094 |
| Certified Fee | $2.80 | |
| Return Receipt Fee (Endorsement Required) | $2.30 | JUN 21 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $5.54 | 06/21/2010 |

Sent To *Equifax - A6*
Street, Apt. No.; or PO Box No. *P.O. Box 740241*
City, State, ZIP+4 *Atlanta, GA 30374*

PS Form 3800, August 2006          See Reverse

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*Equifax*
*P.O. Box 740241*
*Atlanta, GA 30374*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X *____*   ☐ Agent  ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery

D. Is delivery address different from Item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)   7009 3410 0001 0346 8091

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

## Second Receipt

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage P*

For delivery information visit our website at www.usps.c

OFFICIAL USE

CHESTER PA 19022

| | | |
|---|---|---|
| Postage | $ $0.44 | 0094 |
| Certified Fee | $2.80 | 09 |
| Return Receipt Fee (Endorsement Required) | $2.30 | |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $5.54 | 06/21/20 |

Sent To *Trans Union - A6*
Street, Apt. No.; or PO Box No. *P.O. Box 1000*
City, State, ZIP+4 *Chester, PA 19022*

PS Form 3800, August 2006

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*Trans Union*
*P.O. Box 1000*
*Chester, PA 19022*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X *____*   ☐ Agent  ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery

TransUnion LLC
JUN 24 2010

D. Is delivery address different from Item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)   7009 3410 0001 0346 8060

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-154

# EXHIBIT B

# EXHIBIT B



**⁝⁝⁝ Experian**
A world of insight

**Prepared for**
TIMOTHY PAUL HARRIS
**Report number**
1070-6058-87

**Report date** ← Date Pulled
June 30, 2010
www.experian.com/disputes
PO BOX 9701, Allen, TX 75013

**Page 4 of 18**

## Accounts in good standing

These items may stay on your credit report for as long as they are open. Once an account is closed or paid off it may continue to appear on your report for up to ten years.

## Credit Items

**AMERICAN EDUCATION SVCS/NCT**
1200 N 7TH ST
HARRISBURG PA 17102
(800) 233-0577
*Partial account number*
17473791515IPA0.....
See History of account balances for additional information.

| | |
|---|---|
| Date opened | Jul 2007 |
| Reported since | Aug 2008 |
| Last reported | May 2010 |
| Date of status | May 2010 |
| Type | Installment |
| Terms | 230 Months |
| Monthly payment | $77 |
| Responsibility | ▓▓▓▓▓▓▓▓ |
| Credit limit or original amount | ▓▓▓▓▓▓ |
| High balance | NA |
| Recent balance | ▓▓▓▓▓ as of May 2010 ▓▓▓▓▓ |

Status: Open/Never late.
Address identification number:

---

**AMERICAN GENERAL FINANCE**
1928 N DECATUR BLVD
LAS VEGAS NV 89108
No phone number available
*Partial account number*
2101182011187.....
See History of account balances for additional information.

| | |
|---|---|
| Date opened | Feb 2010 |
| Reported since | Jun 2010 |
| Last reported | Jun 2010 |
| Date of status | Jun 2010 |
| Type | Installment |
| Terms | 24 Months |
| Monthly payment | $236 |
| Responsibility | Individual |
| Credit limit or original amount | $4,494 |
| High balance | NA |
| Recent balance | $4,178 as of Jun 2010 |
| Recent Payment | $236 |

Status: Open/Never late.
Address identification number:
5996734340

---

**BAC HOME LOANS/COUNTRYWIDE**
450 AMERICAN ST # SV416
SIMI VALLEY CA 93065
(800) 669-6607
*Partial account number*
2267.....
See History of account balances for additional information.

| | |
|---|---|
| Date opened | ▓▓▓▓▓ |
| Reported since | ▓▓▓▓▓▓▓ |
| Last reported | Aug 2010 |
| Date of status | ▓▓▓▓▓10 |
| Type | Mortgage |
| Terms | ▓▓▓▓▓ |
| Monthly payment | ▓▓▓▓▓ |
| Responsibility | ▓▓▓▓▓▓▓ |
| Credit limit or original amount | ▓▓▓▓▓▓ |
| High balance | NA |
| Recent balance | ▓▓▓▓ |

Status: Open/Never late.
Comment: "Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act)."
Address identification number:
5996734340

# EXHIBIT C

# EXHIBIT C

| Account Name | Account Number | Date Opened | Balance | Date Reported | Past Due | Account Status | Credit Limit |
|---|---|---|---|---|---|---|---|

| Date Closed: | | 08/2009 | | Type of loan: | | VA/Real Estate Mortgage (Veteran's Administration) |
|---|---|---|---|---|---|---|

| Date of First Delinquency: | N/A |
|---|---|
| Comments: | |

81-Month Payment History

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2009 | | | | • | • | • | • | | | | | |

🔺 Back to Top

## Installment Accounts

Installment accounts are credit accounts in which the amount of the payment and the number of payments are predetermined or fixed, such as a car loan.

## Open Accounts

| Account Name | Account Number | Date Opened | Balance | Date Reported | Past Due | Account Status | Credit Limit |
|---|---|---|---|---|---|---|---|
| AMERICAN GENERAL FIN | 210118201187XXXX | 02/2010 | $4,178 | 06/2010 | $0 | PAYS AS AGREED | |

### AMERICAN GENERAL FINANCE

4825 S Rainbow Blvd Ste 208
Las Vegas, NV-891034748

| Account Number: | 210118201187XXXX | Current Status: | PAYS AS AGREED |
|---|---|---|---|
| Account Owner: | Individual Account | High Credit: | $4,494 |
| Type of Account ⚠: | Installment | Credit Limit: | |
| Term Duration: | 24 Months | Terms Frequency: | |
| Date Opened: | 02/2010 | Balance: | $4,178 |
| Date Reported: | 06/2010 | Amount Past Due: | $0 |
| Date of Last Payment: | 05/2010 | Actual Payment Amount: | $236 |
| Scheduled Payment Amount: | $236 | Date of Last Activity: | 05/2010 |
| Date Major Delinquency First Reported: | | Months Reviewed: | 3 |
| Creditor Classification: | | Activity Description: | N/A |
| Charge Off Amount: | | Deferred Payment Start Date: | |
| Balloon Payment Amount: | | Balloon Payment Date: | |
| Date Closed: | | Type of Loan: | Secured By Household Goods/Collateral |
| Date of First Delinquency: | N/A | | |
| Comments: | | | |




*Date Pulled* ↓

7/5/2010 6:30 P

# EXHIBIT D

# EXHIBIT D

Consumer Credit Report for TIMOTHY PAUL HARRIS



| | |
|---|---|
| File Number: | 223534432 |
| Page: | 2 of 10 |
| Date Issued: | 07/06/2010 |

## Satisfactory Accounts

The following accounts are reported with no adverse information. (Note: The account # may be scrambled by the creditor for your protection).

### AES/NCT #███████████████

POB 2461
HARRISBURG, PA 17105
(800) 233-0557

Loan Type: STUDENT LOAN

| Balance: | ██████ |
|---|---|
| Date Updated: | ██████ |
| High Balance: | ██████ |
| Terms: | ██████████████ |

| Pay Status: | PAID OR PAYING AS AGREED |
|---|---|
| Account Type: | INSTALLMENT ACCOUNT |
| Responsibility: | PRIMARY BORROWER ON ACCOUNT |
| Date Opened: | ██████ |

| Late Payments (35 months) | 0 | 0 | 0 | Last 35 months |
|---|---|---|---|---|

| X | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| jun | may | apr | mar | feb | '10 | dec | nov | oct | sep | aug | jul | jun | may | apr | mar | feb | '09 | dec | nov | oct | sep |

| OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |
|---|---|---|---|---|---|---|---|---|---|
| jun | may | apr | mar | feb | '08 | dec | nov | oct | sep |

### AMER HONDA/GECCCC/GEMB #███████████████

PO BOX 981439
EL PASO, TX 79998
(866) 396-8254

Loan Type: CHARGE ACCOUNT
Remarks: ACCOUNT CLOSED BY CONSUMER

| Balance: | ██ |
|---|---|
| Date Updated: | ██████ |
| High Balance: | █████ |
| Credit Limit: | █████ |

| Pay Status: | PAID OR PAYING AS AGREED |
|---|---|
| Account Type: | REVOLVING ACCOUNT |
| Responsibility: | INDIVIDUAL ACCOUNT |
| Date Opened: | ██████ |
| Date Closed: | ██████ |
| Date Paid: | ██████ |

| Late Payments (48 months) | 0 | 0 | 0 | Last 48 months |
|---|---|---|---|---|

| OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| may | apr | mar | feb | '10 | dec | nov | oct | sep | aug | jul | jun | may | apr | mar | feb | '09 | dec | nov | oct | sep | aug | jul | jun |

| OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| may | apr | mar | feb | '08 | dec | nov | oct | sep | aug | jul | jun | may | apr | mar | feb | '07 | dec | nov | oct | sep | aug | jul | jun |

### AMERICAN GEN FIN #2101182011879711

1928 N DECATUR BLVD
LAS VEGAS, NV 89108-2206
(702) 647-4599

Loan Type: SECURED BY HSHLD GDS &&COLLAT

| Balance: | $4,178 |
|---|---|
| Date Verified: | 06/2010 |
| High Balance: | $4,494 |
| Terms: | 24 UNSPECIFIED $236 |

| Pay Status: | PAID OR PAYING AS AGREED |
|---|---|
| Account Type: | INSTALLMENT ACCOUNT |
| Responsibility: | INDIVIDUAL ACCOUNT |
| Date Opened: | 02/2010 |

| Late Payments (04 months) | 0 | 0 | 0 | Last 4 months |
|---|---|---|---|---|

| X | OK | OK | OK |
|---|---|---|---|
| may | apr | mar | feb |

### BAC HOME LOANS SERV LP #███████

450 AMERICAN ST SV416X
SIMI VALLEY, CA 93065
(800) 669-6607

Loan Type: VA REAL ESTATE MORTGAGE
Remarks: ACCT INFO DISPUTED BY CONSUMR

| Balance: | ██████ |
|---|---|
| Date Updated: | ██████ |
| High Balance: | ██████ |
| Terms: | ███████████████ |

| Pay Status: | PAID OR PAYING AS AGREED |
|---|---|
| Account Type: | MORTGAGE ACCOUNT |
| Responsibility: | INDIVIDUAL ACCOUNT |
| Date Opened: | ██████ |

| Late Payments (03 months) | 0 | 0 | 0 | Last 3 months |
|---|---|---|---|---|

| OK | X | OK |
|---|---|---|
| dec | nov | oct |

### CAPITAL ONE BANK USA NA #███████████████

PO BOX 30281
SALT LAKE CITY, UT 84130
(800) 955-7070

Loan Type: CREDIT CARD
Remarks: DISP RESLVD RPRTD BY GRANTOR

| Balance: | ██ |
|---|---|
| Date Updated: | ██████ |
| High Balance: | █████ |
| Credit Limit: | █████ |

| Pay Status: | PAID OR PAYING AS AGREED |
|---|---|
| Account Type: | REVOLVING ACCOUNT |
| Responsibility: | INDIVIDUAL ACCOUNT |
| Date Opened: | ██████ |
| Date Closed: | ██████ |
| Date Paid: | ██████ |

| Late Payments (29 months) | 0 | 0 | 0 | Last 29 months |
|---|---|---|---|---|

| OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| jun | may | apr | mar | feb | '08 | dec | nov | oct | sep | aug | jul | jun | may | apr | mar | feb | '07 | dec | nov | oct | sep | aug | jul |

| OK | OK | OK | OK | OK |
|---|---|---|---|---|
| jun | may | apr | mar | feb |

**To dispute online go to: http://transunion.com/disputeonline**

# EXHIBIT E

# EXHIBIT E

| | | | |
|---|---|---|---|
| Closed: | | | |
| **DEROGATORY SUMMARY:** | | | |
| Inquiries: | | | |
| Public Records: | | | |
| Collections Accounts: | | | |
| Current Delinquencies: | | | |
| Prior Delinquencies: | | | |

*Self-Pulled Report Thru Privacy Guard* (handwritten)

## Account History

Below is information on any accounts you may have opened in the past. Positive information regarding your accounts remains on your report indefinitely. Generally, a consumer reporting agency will not report negative information that is more than seven years old, or bankruptcies that are more than 10 years old.

AMERICAN GENERAL FINAN

| | Experian | Equifax | TransUnion |
|---|---|---|---|
| Account Name: | AMERICAN GENERAL FINAN | AMGNL | |
| Account Number: | 210178801187XXXX | 210178801187XXXX | |
| Account Type: | Installment | Installment | |
| Account Status: | Open | Open | |
| Monthly Payment: | $236 | $236 | |
| Date Opened: | 02/2010 | 02/2010 | |
| Balance: | $4,068 | $4,068 | |
| Terms: | 24 | | |
| High Balance: | $4,494 | $4,494 | |
| Limit: | - | - | |
| Past Due: | - | - | |
| Payment Status: | Current | Current | |
| Comments: | | | |

24-Month Payment History

| Date: | Aug 08 | Sep 08 | Oct 08 | Nov 08 | Dec 08 | Jan 09 | Feb 09 | Mar 09 | Apr 09 | May 09 | Jun 09 | Jul 09 | Aug 09 | Sep 09 | Oct 09 | Nov 09 | Dec 09 | Jan 10 | Feb 10 | Mar 10 | Apr 10 | May 10 | Jun 10 | Jul 10 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Experian: | | | | | | | | | | | | | | | | | | | OK | OK | OK | OK | OK | OK |
| Equifax: | | | | | | | | | | | | | | | | | | | OK | OK | OK | OK | OK | OK |
| TransUnion: | | | | | | | | | | | | | | | | | | | | | | | | |

| | Experian | Equifax | TransUnion |
|---|---|---|---|
| Account Name: | | | |
| Account Number: | | | |
| Account Type: | | Installment | |
| Account Status: | | Open | |
| Monthly Payment: | | | |
| Date Opened: | | | |
| Balance: | | | |
| Terms: | | | |

*Date Pulled* (handwritten)

8/25/2010 8:45 A