**FENNEMORE CRAIG, P.C.**
DAVID W. DACHELET, ESQ.
Nevada Bar No. 6615
300 S. 4th Street, 14th Floor
Las Vegas, Nevada 89101
Telephone: 702.692.8000
Facsimile: 702.692.8099
E-mail: ddachele@fclaw.com

*Attorneys for Defendant American General Financial Services of America, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TIMOTHY P. HARRIS, Pro Se,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN GENERAL FINANCIAL SERVICES LLC,<br><br>Defendant. | Case No.:   2:10-cv-01662-GMN-LRL<br><br>**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO STAY DISCOVERY PENDING RESOLUTION OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

    Defendant AMERICAN GENERAL FINANCIAL SERVICES OF AMERICA, INC. ("American General" or "Defendant"), erroneously sued as AMERICAN GENERAL FINANCIAL SERVICES, LLC, by and through its undersigned counsel, hereby submits this Reply brief in support of its pending [12] Motion to Stay Discovery Pending Resolution of its [6] Motion to Dismiss Plaintiff's Complaint.

    American General bases the instant Motion on the papers and pleadings on file herein, the Memorandum of Points and Authorities that follows, and any oral argument this Court chooses to entertain, all of which refutes Plaintiff's argument for discovery and supports American General's position that the submittal of a stipulated discovery plan and scheduling order will be fruitless and/or wasteful until the Court rules on American General's Motion to Dismiss Plaintiff's Complaint.

///

///

///

LAS/103805.1/12547.009

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

Plaintiff's [14] Response to American General's [12] Motion to Stay Discovery ("Response") does not persuasively refute American General's common sense argument that discovery should be stayed in this case until the Court rules on the pending [6] Motion to Dismiss. Under the facts of this case, the Motion to Dismiss will likely cause the dismissal of numerous, if not all, of Plaintiff's groundless claims against American General. Moreover, Plaintiff cannot point to any real prejudice from a slight delay in the discovery calendar. Courts require that foundational defects such as jurisdictional issues or failure to state a claim be litigated at the outset of a case in order to avoid unnecessary litigation. In this case, discovery on any issues at this stage of litigation is premature and makes little sense. American General respectfully requests that this Court grant its Motion to Stay Discovery until its dispositive Motion to Dismiss has been decided.

**II.**

**LEGAL ARGUMENT**

Plaintiff's arguments against American General's Motion to Stay Discovery ("Motion to Stay") are deficient in three ways: 1) American General's Motion to Dismiss, if fully granted, will dispose of every triable issue in this case; 2) Plaintiff will not be prejudiced if forced with stay discovery until American General's dispositive Motion to Dismiss has been resolved; and 3) the Motion to Stay promotes judicial economy. See Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth., 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources'" (citations omitted)). Here, both facts and the law support the entry of an order staying discovery.

    **A.** **Granting American General's Motion to Stay Discovery is Proper Because American General's Motion to Dismiss Has a High Likelihood of Success**

First, American General's Motion to Dismiss is a dispositive motion directed to each of

the baseless claims asserted in Plaintiff's Complaint. The Court is certainly entitled to make a cursory review of American General's Motion to Dismiss in order to affirm that the Motion has a high likelihood of being granted. See U. S. Philips Corp. v. Synergy Dynamics Int'l, LLC, 2006 U.S. Dist. LEXIS 86198, *11 (D. Nev. Nov. 22, 2006) (the Court may review the arguments in the pending dispositive motion to make a "preliminary assessment" of whether the motion is likely to succeed). During its review, the Court will note that American General's Motion to Dismiss addresses each claim against it and will completely dispose of each of these claims if granted. See American General's Motion to Dismiss, p. 5, attached hereto as Exhibit 1 (stating that "all of Plaintiff's claims against American General should be dismissed for failure to state a claim**"** prior to addressing each claim separately) (emphasis added).

The Motion to Dismiss directly addresses each of Plaintiff's claims, including his Fair Credit Reporting Act ("FCRA") and Telephone Consumer Protection Act ("TCPA") claims. See id at pp. 5, 7. American General has articulated specific grounds for dismissing each of Plaintiff's claims, namely, that Plaintiff has no private right of action under the FCRA or TCPA and any existing private right of action is inapplicable to the facts of Plaintiff's case. See Exhibit 1, *generally*. On the other hand, Plaintiff never explains how his Complaint can survive the numerous deficiencies highlighted in American General's Motion to Dismiss. See Plaintiff's Response to Motion to Stay, pp. 4-5. In short, there is little factual or legal support for starting discovery in a case that is ripe for dismissal. See Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (affirming stay of discovery until a dispositive issue was decided).

    **B.  Granting the Motion to Stay Discovery Will Not Prejudice Plaintiff**

Second, staying discovery will not prejudice Plaintiff's case nor will it subject Plaintiff to an "unnecessary delay." See Plaintiff's Response to Motion to Stay, p. 5. American General's Motion to Dismiss has been fully briefed and will be resolved in short order and the corresponding stay will not be overly long. Moreover, courts have recognized that a "stay [of discovery] furthers the goal of efficiency for the court and litigants" in a situation where discovery cannot affect the dispositive issues. See Little v. City of Seattle, 863 F.2d at 685. In his Response, Plaintiff never explains how an alleged delay will prejudice his ability to prosecute

this case. See Plaintiff's Response to Motion to Stay, p. 5 (only offering the conclusory statement that "it will prejudice the plaintiff by creating an unnecessary delay in the resolution of the Plaintiff's case.")

Due to the nature of the dispositive relief sought by American General, a slight delay to the discovery schedule is not prejudicial. American General's Motion to Dismiss is predicated on Federal Rule of Civil Procedure 12(b)(6), which requires a showing that the Plaintiff did not make sufficient factual allegations to establish a plausible entitlement to relief. See Exhibit 1 at p. 4; see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). Inherent in the Rule 12(b)(6) analysis is the premise that factual discovery cannot change Plaintiff's failure to state a claim. American General submits that staying discovery will not prejudice the Plaintiff in this case, particularly where the dispositive motion is fully briefed, discovery does not change the 12(b)(6) analysis, and no discovery is outstanding.

**C.     Granting the Motion to Stay Discovery Promotes Judicial Economy and Efficiency**

Finally, judicial economy dictates that a stay should issue in this case. If American General's Motion to Stay were denied, any discovery conducted in the absence of an Answer would be of little value to the parties. Plaintiff will not have notice of American General's affirmative defenses, counterclaims (if any), and cross-claims (if any), because American General will not have filed its responsive pleading to Plaintiff's Complaint. In sum, American General has shown good cause for this Court to stay discovery at this point in the proceedings: its dispositive motion is likely to succeed; there is no real prejudice to Plaintiff if discovery is slightly delayed; and any premature discovery will be unduly burdensome and ineffective.

**IV.**

**CONCLUSION**

It will be detrimental and burdensome for American General to be required to conduct discovery and meet ongoing discovery deadlines before the parties know which claims, if any, that this Court deems viable. Should Plaintiff's claims be dismissed, which is anticipated, then discovery will be totally unnecessary. If his claims are not dismissed, Plaintiff will still be able to

LAS/103805.1/12547.009

FENNEMORE CRAIG
PROFESSIONAL CORPORATION
PHOENIX

1  conduct discovery within the limits of the Federal Rules of Civil Procedure. Accordingly,
2  American General respectfully requests that this Court exercise its discretion and enter an order
3  staying all discovery in this matter until the Court issues its ruling on American General's Motion
4  to Dismiss.
5      DATED this 24th day of November, 2010.
6                                                      **FENNEMORE CRAIG, P.C.**
7
8      By:  */s/ David W. Dachelet*
            DAVID W. DACHELET
            Nevada Bar No. 6615
9           300 S. 4th Street, 14th Floor
            Las Vegas, Nevada  89101
10          Telephone: 702.692.8000
            Facsimile:  702.692.8099
11          E-mail: ddachele@fclaw.com
       *Attorneys for Defendant American General*
12     *Financial Services of America, Inc.*
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FENNEMORE CRAIG
PROFESSIONAL CORPORATION
PHOENIX

LAS/103805.1/12547.009

# CERTIFICATE OF SERVICE

On November 24, 2010, I served the following document(s):

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO STAY DISCOVERY PENDING RESOLUTION OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

I served the above-named document(s) by the following means to the persons as listed below:

[ ]   **By ECF System** (or the "Notice of Electronic Filing" to all addressees):

[X]   **By U.S. Mail**, postage fully prepared to persons and addresses as follows:

Timothy P. Harris
4005 Cherokee Rose Avenue
North Las Vegas, Nevada 89031-3685
*Plaintiff In Pro Per*

[ ]   **By Personal Service** (to persons and addresses):

[ ]   For a party represented by an attorney, delivery was made by handling the document(s) to the attorney or by leaving the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

[ ]   For a party, deliver was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

[ ]   **By Direct Email** (as opposed to through the ECF system (list persons and email addresses). Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ]   **By Facsimile Transmission:** (list persons and fax numbers):  Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

[ ]   **By Messenger:**  I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger service. (A declaration by the messenger must be attached to this Certificate of Service).

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 24th day of November, 2010.

*/s/ Shirley May Martir-Ligot*
An Employee of Fennemore Craig, P.C.

FENNEMORE CRAIG
PROFESSIONAL CORPORATION
PHOENIX

LAS/103805.1/12547.009