# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TIMOTHY P. HARRIS,<br><br>              Plaintiff,<br><br>v.<br><br>AMERICAN GENERAL FINANCIAL SERVICES LLC,<br><br>              Defendant. | 2:10-cv-01662-GMN-LRL<br><br>**O R D E R** |

     Before the court is defendant's Motion to Stay Discovery Pending Resolution of Its Motion to Dismiss Plaintiff's Complaint (#12). The court has considered the motion (#12), plaintiff's Opposition (#14), and defendant's Reply (#16).

     On August 19, 2010, defendant filed a Complaint against plaintiff in Clark County Justice Court because plaintiff was in default on a loan he obtained from defendant. On September 29, 2010, the Justice Court rendered judgment in favor of defendant. On September 27, 2010, plaintiff filed the instant action against defendant in this court. Plaintiff alleges that defendant has violated the Fair Credit Reporting Act (counts I and II) and the Telephone Consumer Protection Act (count III). Defendant filed a Motion to Dismiss Complaint (#6) on October 20, 2010. On November 5, 2010, defendant filed the instant Motion to Stay Discovery (#12), through which it seeks a stay of discovery pending the outcome of its Motion to Dismiss (#6).

     The court has broad discretion in controlling discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Stay of discovery is appropriate where a pending motion is potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed, and where the

dispositive motion can be decided absent additional discovery.  *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co.*, 220 F.R.D. 349, 352 (N.D. Cal. 2003) (citing *Panola Land Buyers Ass'n v. Shuman,* 762 F.2d 1550, 1560 (11th Cir.1985); *Church of Scientology of S.F. v. Internal Revenue Service*, 991 F.2d 560, 563 (9th Cir.1993)); *see also Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 555 (D. Nev. 1997) (holding stay of discovery pending a resolution on a motion to dismiss appropriate if it appears that the opposing party has no chance of prevailing on the motion to dismiss).

Discovery has not commenced in this case, nor is discovery necessary to resolve the pending Motion to Dismiss (#6).  Hence a stay of discovery until after it is determined which, if any, of plaintiff's claims survive the motion to dismiss will not prejudice either party, and will conserve the parties' and the court's resources.

Accordingly, and for good cause demonstrated,

IT IS ORDERED that defendant's Motion to Stay Discovery Pending Resolution of Its Motion to Dismiss Plaintiff's Complaint (#12) is granted.  Discovery is hereby stayed pending further order of the court.

DATED this 1st day of December, 2010.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**