1  Timothy P. Harris, Pro Se'
2  4005 Cherokee Rose Ave.
3  North Las Vegas, NV. 89031
4  702-371-3658
5  extremeps1@cox.net
6

2011 JAN -3 P 12: 42

7          **IN THE UNITED STATES DISTRICT COURT**
8              **FOR THE DISTRICT OF NEVADA**

|  |  |
|---|---|
| Timothy P. Harris, Pro Se' ) | |
| Plaintiff ) | Case No: 2:10-cv-01662-GMN-LRL |
| ) | |
| V. ) | The Honorable Gloria M. Navarro |
| ) | |
| AMERICAN GENERAL FINANCIAL ) | **Civil Rights Violation Complaint** |
| SERVICES OF AMERICA, INC. ) | **Trial By Jury Demanded** |
| Defendant | |

9          **REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR SUMMARY**
10                     **JUDGMENT [DOC #22]**

11          Plaintiff Timothy Harris (Consumer) is submitting this reply to Defendant AMERICAN

12  GENERAL FINANCIAL SERVICES OF AMERICA INC. (AGFSA)'s Opposition to

13  consumers Motion for Summary Judgment [Doc #22].  This reply is based on all the pleadings in

14  this case so far along with this response and accompanying attachments pursuant Fed. R. Civ. P.

15  56, hereby submits its Reply to Defendant Opposition to Plaintiff's Motion for Summary

16  Judgement [#22].

17
18                  **MEMORANDUM OF POINTS AND AUTHORITIES**
19                                         **1.**
20                                  **INRODUCTION**

21          Consumer is entitled to summary judgment as a matter of law.  AGFSA has once again

22  violated the Fair Credit Reporting Act and gone into the consumer's credit file and changed the

23  status of their reporting to show "disputed" by their own admittance, to cover up their previous

24  action of not marking the consumer's account, after having received a letter disputing the

25  information, which is required by the FCRA.

26

1

## STATEMENT OF FACTS

The consumer's complaint has NOTHING AT ALL to do with alleged debt, alleged monies owed, or alleged judgments. There is NO AMOUNT OF MONEY THAT CAN BE PURPORTED AND ALLEGED TO BE OWED BY ANY DEBTOR that releases the Defendant or any Debt Collector from liability and responsibly to follow the FCRA. The counsel for the defense has continually tried to mis-lead the court about the facts of the case. The Consumer's claims arise from Defendants violation of FCRA and has nothing to do with the issues about alleged debt owed by Defendant. These Matters of Alleged Debt are NOT ISSUES OR CLAIMS THAT ARE BEFORE THIS COURT. The main point is when consumer has disputed information that is found to exist in their credit report. The FCRA was enacted to protect the consumer's civil rights and now more than ever the FCRA has shown its necessity with all of the fraud that has been revealed in the banking and financial industry today.

The consumer disputed with AGFSA back in June of 2010 and AGFSA failed to mark the consumers account in dispute thus creating damages against the consumer. Then AGFSA failed to do an investigation as required by the FCRA and further damaged the consumer by the continuing to report false and erroneous information in the consumer's credit report. These actions, or rather a failure to act has created the basis for the consumer's complaint.

In AGFSA's Opposition to Summary Judgment [#22] they claim 15 USC 1681q does not apply. AGFSA's pull of Plaintiff's credit report during litigation has been held up by the courts not to be a permissible purpose to pull Plaintiff's credit report. AGFSA by their action have confessed guilt by correcting the credit report and marking it in dispute only after Plaintiff filed his complaint with this court and not when Plaintiff originally disputed the account. See attached Dispute Letter with proof of Service [**Exhibit A**] See Credit reports received from the reporting agencies on June 30, 2010, July 5, 2010, and July 6, 2010 [**Exhibits B, C, and D**] See Recent credit report with account marked in Dispute dated November 15, 2010 [**Exhibit E**] after Plaintiff filed Complaint. For those 4 months Defendant confesses to reporting inaccurate and erroneous information to the Credit Bureaus from which Plaintiff's damages and claims arise. THESE ARE THE ONLY ISSUE BEFORE THE COURT NOT MATTERS OF ALLEGED DEBT. IT'S THE MATTER OF HOW THEY REPORTED THE ALLEGED DEBT.

In all of AGFSA's pleadings, the counsel has continually mentioned that the consumer was unhappy about an alleged judgment against him from AGFSA. If it please the court, you will

58   notice that the defense counsel never says anything about the letter of dispute which was mailed
59   back in June of 2010, WELL BEFORE any alleged filings, in any other court EVER took place.
60   Why does the defense fail to mention these very important facts?

61        In the defense counsel's response to the motion for summary judgment, court doc. #22 on
62   page 2 lines 17-28 including footnote 3, and on page 4 lines 2 and 3, he once again talks about
63   matter that are not before this court. Defense has done nothing to show evidence of any kind that
64   AGFSA did what they were required to do by law (FCRA). Now AGFSA would have this court
65   believe that after litigation had begun that it is permissible to once again enter the consumer's
66   files and mark the accounts in dispute to cover their tracks. This in itself shows that it was done
67   willingly, knowingly, and intelligently.

68        Simply put this case is about the FACT that AGFSA violated the consumer's civil rights
69   by not marking the consumer's account in dispute when they were notified. AGFSA failed to do
70   an investigation after the letter of dispute was received which therefore violated the FCRA more.
71   Finally, AGFSA knowingly, willingly and intelligently entered into the consumer's credit reports
72   once again, by their own admittance, see Affidavit of James R. Simmerman, [Exhibit F] page 2,
73   paragraph 9, and marked the consumer's account in dispute on October 1, 2010 after litigation
74   had commenced on September 29, 2010. If the court were to allow this line of thinking, that
75   would mean that any consumers who rightfully had issues of fact about information in their
76   credit reports would then have to file a FEDERAL CASE just to have the account marked in
77   dispute.

78

79        The consumer has shown this court the certified mailings from the United States Postal
80   Service of the letter of dispute. These are self-authenticating pieces of evidence as they are done
81   by a government regulated agency and CAN NOT be disputed. The Consumer has also shown
82   the court the copies of his credit reports showing that after the letter of dispute had been
83   received, that the consumer's report still did not reflect a disputed status. The credit reporting
84   agencies are also government regulated therefore making these reports self-authenticating
85   evidence. Once again there is no way to dispute these facts of the case.

86        Consumer has given the case law that gives the private right of action to the consumer in
87   regards to the FCRA. In  Dornhecker  ro. Ameritech Corp., 99 F. Supp. 2d 918 (N.D. Ill. 2000),
88   the court agreed with the U.S. Supreme Court's analysis-set forth in Cort v. Ash, 95 S. Ct. 2080

89  (1975) for determining whether an implied private right of action exists under a statute. The four
90  factors are: whether (1) the plaintiff is a member of a class for whose benefit the statute was
91  enacted; (2) the legislative history indicates congressional intent, explicit or implicit, either to
92  create or deny such a remedy; (3) implying a private remedy would frustrate the underlying
93  purposes of the legislative scheme; and (4) the cause of action is one traditionally relegated to
94  state law.  There is an overwhelming amount of case law to support a private right of action as
95  follows:
96  See. e.g. Nelson v. Chase Manhattan Mortgage Corp., 282 F.3d 1057 (9th Cir.2002); Yutesler v.
97  Sears Roebuck & Co., 263 F.Supp.2d 1209 (D.Minn.2003). Vazquez-Garcia v. Trans Union De
98  Puerto Rico, 222 F.Supp.2d 150, 155 (D.Puerto Rico 2002); Hawthorne v. Citicorp Data
99  Systems, Inc., 216 F.Supp.2d 45 (E.D.N.Y. 2002); Thomasson v. Bank One, Louisiana, N.A, 137
100 F.Supp.2d 721, 723 (E.D.La.2001); McMillan v. Experian Information Services, Inc., 119
101 F.Supp.2d 84, 86 (D.Conn.2000); DiMezza v. First USA Bank, Inc., 103 F.Supp.2d 1296, 1300
102 (D.N.M.2000); Dornhecker v. Ameritech Corp., 99 F.Supp.2d 918 (N.D.Ill.2000); Campbell v.
103 Baldwin, 90 F.Supp.2d 754, 756 (E.D.Tex.2000).
104      As this court has been shown the consumer has disputed with both AGFSA and the Credit
105 Reporting Agencies (CRA's) in the same time frame.  If AGFSA did actually perform an
106 investigation then it has shown no proof of it and therefore any talk of it is only hearsay and is
107 not admissible.  Once again by the Affidavit of James R. Simmerman, which is the evidence
108 submitted by AGFSA, Mr. Simmerman only discusses knowledge about an alleged debt and
109 alleged judgment obtained against the consumer (paragraphs 1-7).  This information is
110 completely immaterial, scandalous, and impertinent to the matters before the court and should be
111 stricken from the docket.  Mr. Simmerman never mentions anything about performing an
112 investigation into the consumers report and only mentions about marking the consumers account
113 in dispute on October 1, 2010 after the litigation had already commenced.  Mr. Simmerman
114 further shows his knowledge of the FCRA by his statements in paragraphs 9-11.  By Mr.
115 Simmerman's own statement he agrees that AGFSA's duty is to provide accurate and up to date
116 information about the accounts with the CRA's.  His only problem is that he said that AGFSA
117 has complied with this and the consumer has shown that AGFSA in fact FAILED to comply and
118 the consumer has shown proof of this by certified mailings and copies of his credit reports.  This
119 information can not be disputed as to the facts contained.

4

120      In regards to the defense counsels affidavit, consumer can only state that the defense has
121  completely turned everything around to make it seem as though the consumer is attempting to
122  "strong arm" AGFSA and their counsel into a settlement.  The consumer does not deny sending a
123  letter to counsel but does completely deny that it was done as an intimidation tactic.  Consumer
124  has shown that he is entitled to summary judgment as a fact of law and only wished again to
125  express his intent to have AGFSA come to the table to reach an agreement as to the matters of
126  this case.

127      The consumer has tried at every step possible to reach an agreement with AGFSA but
128  they have not wanted anything to do with the consumer.  Based on AGFSA's unwillingness to
129  come to an agreement the consumer filed his action in court.  AGFSA has continued to violate
130  the consumer's civil rights even after litigation has commenced.  This has clearly been
131  evidenced.  In all of the pleadings the defense has put before this court, counsel has continually
132  said that this action is about an alleged debt and alleged debt collection.

133      As per the counsels own words... "This case is about Plaintiff refusing to pay a debt, and
134  then improperly alleging foul-play when AGFSA took proper actions to collect payment of its
135  debt." Defendant Opposition to Plaintiff's Motion for Summary Judgement [#22] [Exhibit G]
136  page 2 lines 17-18) and "Despite now moving for summary judgment based upon a purported
137  violation of § 1681q of the FCRA, Plaintiff's Complaint does not mention or even allude to any
138  violation of § 1681q of the FCRA by AGFSA." [Exhibit G] page 5 line 25 and page 6 lines 2-3).
139  Please show me anywhere in the consumer's complaint where it mentions anything about this
140  case being about an alleged debt, alleged debt collections, or alleged monies owed?  This is the
141  reason for the statements about filing a BAR grievance against counsel or asking for sanctions.
142  Counsel has CONTINUALLY tried to use this wording to mis-lead this court away from the
143  actual facts of the case and to this date has still been allowed to use it even though the consumer
144  has continually denied this and put on the record that these matters are not before the court.
145  Obviously the consumer is being prejudiced here and now must take some sort of action to have
146  his rights upheld.  The consumer has tried to settle the matter amicable.

147      In regards to the defense counsels legal arguments in opposition to the consumer's
148  motion for summary judgment, the consumer has shown that all the evidence needed to grant the
149  motion for summary judgment is in existence.  The arguments that defense counsel has put
150  forward are all just a bunch of legal gibberish to once again steer the court away from the facts of

151    the case. Counsel would have you believe that furnishers of information are on a "one way"

152    street and therefore can not be held accountable. Consumer will remind the court of this simple

153    fact. If a consumer disputes an account and a furnisher actually marks the account as it is

154    supposed to and then performs an investigation like it is supposed to…when information is found

155    incorrect it has a duty to correct that information. This shows the actual "two way" street that

156    these furnishers exist on, on a daily basis.

157          The court must ask itself these questions:

158    1. Has the consumer proved by way of admissible evidence that his credit reports were

159          disputed with AGFSA and the CRA's? The answer is obviously yes by way of the

160          certified mailings

161    2. Has the consumer shown that there is no evidence to the contrary that the disputed

162          accounts were marked accordingly until after litigation had commenced? Once again the

163          answer is yes by way of the credit reports and by statements from a high officer of

164          AGFSA itself.

165    3. Has the consumer shown that AGFSA has knowingly, willingly, and intelligently gone

166          back into the consumers reports and marked them in dispute to cover their obvious

167          inaction of the past with the intent to conceal their behavior? Again the answer is yes.

168          By the statements of James R. Simmerman who admits that he knows the law and I quote

169          "As part of my job duties, I have the ability to, and regularly do access and review the

170          account records" and "AGFSA's legal department learned of the present lawsuit late in

171          the afternoon of September 30, 2010. The following day October 1, 2010 the Las Vegas

172          Service Center branch was notified by the legal department of the fact that Plaintiff had

173          filed a lawsuit, and in accordance with AFGFSA's litigation policies and procedures, the

174          branch flagged Plaintiff's account as "disputed"" and lastly "AGFSA is required to

175          provide accurate, up-to-date information about account status to the consumer reporting

176          agencies" These statements clearly show that AGFSA knows the law and they violated

177          it, so then they maliciously tried to cover up their violation by another violation.

178    The answer to all these questions is an absolute yes and therefore consumer should be granted

179    this judgment based on the facts before this court. The case law that allows for this is as follows:

180

6

181    Rice v. Montgomery Ward & Co., Inc. 450 F. Supp. 688, 670-72 (M.D. N.C. 1978) (Defendant

182    violates FCRA if it obtains a consumer report on Plaintiff after Plaintiff institutes an action

183    against defendant. Such an inquiry is impermissible.);

184

185    Bils v. Nixon, Hargrave, Devans & Doyle, 880 P.2d 743 (Ariz. App. 1994) (improper to get

186    report to discover information which might be used in litigation); Duncan v. Handmaker, 149

187    F.3d 424, 426-28 (6th Cir. 1998) (no legitimate business needs to obtain report to prepare for

188    litigation); Bakker v. Mckinnon, 152 F.3d 1007, 1011-12 (8th Cir. 1998) (same);

189

190    Auriemma v. Montgomery, 860 f.2d 273, 279, 280-281 (7th Cir. 1998) (extra-judicial I

191    investigation by attorneys improper; no privilege);

192

193    Mone v. Dranow, 945 F.2d 306, 308 (9th Cir. 1991) (obtaining credit report to investigate for

194    purposes of litigation improper);

195

196    Boothe v. TRW Credit Data, 557 F. Supp. 66, 70-71 (S.D.N.Y. 1982); Rylewicz v. Beaton

197    Services, Ltd., 698 F. Supp.. 1391, 1400 n. 10 (N.D. Ill. 1988), aff'd 888F.2d 1175, 1181 (7th

198    Cir. 1989); Houghton v. N.J. Maunfacturer's Ins. Co., 795 F.2d 1144, 1149 (3d Cir. 1986)

199    (obtaining report after litigation for use in litigation improper).

200

201        None of the legal arguments that defense counsel has put up in his opposition have any

202    merit whatsoever. None of these facts can be disputed and the facts that the defense has put forth

203    have actually been used to bolster the facts that were put forth by the consumer. By AGFSA's

204    own admittance in AFFIDAVIT format, the Plaintiff now has a SWORN CONFESSION by the

205    Defendant's to not having marked the Plaintiff's account in dispute and therefore correcting their

206    actions once litigation had commenced. If the information was correct then why does AGFSA

207    now correctly mark the account? This court should grant Plaintiff's Motion For Summary

208    Judgment based on all the facts before the court. If this judgment is denied due to this cause not

209    being on the original complaint then plaintiff requests the ability to be able to amend his

210    complaint to add this newly founded violation as opposed to filing a separate case and then filing

211    a motion to join the two cases together therefore wasting more of the courts time.

212

213     The Consumer has shown in his complaint, and with the sworn confession of guilt by the

214     Defendants in affidavit format [Exhibit F] admitted to reporting inaccurate and erroneous

215     information from June 2010 to October 2010, and also that they pulled Plaintiffs credit report

216     while in ligation. Plaintiff has alleged a proper, and cognizable cause of action against AGFSA.

217     AGFSA cannot over come this fact due to the fact they prepared that Affidavit and All of

218     Plaintiff's Evidence is Self Authenticating Pursuant to FROE 901 & 902. Plaintiff respectfully

219     requests the following:

220

221     1- Grant Plaintiff's Motion for Summary Judgment.

222     2- Deny Defendants motion to Dismiss [#6] with prejudice.

223

224     Respectfully submitted this 3rd day of January, 2011.

225

226                                                         _Timi Pill_

227                                                         Timothy Harris

228                                                         4005 Cherokee Rose Ave.

229                                                         North Las Vegas, NV 89031

230                                                         702-371-3658

231                                                         extremeps1@cox.net

232

233

234

235

236

237

238

239

240

241

242

243

244

245

246

247

248

# CERTIFICATE OF SERVICE

I, the Plaintiff, Timothy Harris, does hereby certify that a copy of this Notice To District Judge was sent to the Defendant American General Financial Services Of America, Inc. through their attorney of record David W. Dachelet, Esq., Nevada Bar No. 6615, 300 South Fourth Street, Suite 1400, Las Vegas, Nevada 89101 for the purpose of satisfying the requirement for Notice and Service and was sent via the United States Postal Service pursuant to Federal Rules of Civil Procedure 4 (c) (2) (c) (i). This will also be available to any and all PACER ECF participants and will serve as Notice and Service.

Timothy P. Harris
4005 Cherokee Rose Ave.
North Las Vegas, NV. 89031
702-371-3658
extremeps1@cox.net

9

# EXHIBIT A

EXHIBIT A

# LETTER OF DISPUTE:

JUNE 17, 2010

Timothy Paul Harris
4005 Cherokee Rose Avenue
North Las Vegas, Nevada, 89031
**Certified Mail # 7009 3410 0001 0346 7841     Return Receipt Requested**

AMERICAN GENERAL FINANCE
P.O. BOX 54290
LOS ANGELES, CA 90054-0290

To Whom It May Concern:
This is a letter of dispute.
I recently pulled my credit report and found AMERICAN GENERAL FINANCE reporting
derogatory information in my credit report.
I do not agree with the balance on the account and dispute this.

By: _____

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

LOS ANGELES CA 90054

| | | |
|---|---|---|
| Postage | $ $0.44 | 0094 |
| Certified Fee | $2.80 | 11 |
| Return Receipt Fee (Endorsement Required) | $2.30 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | 0102 |
| Total Postage & Fees | $ $5.54 | 06/17/2010 |

Sent To American General Finance
Street, Apt. No.; or PO Box No. P.O. Box 54290
City, State, ZIP+4 Los Angeles, CA 90054-0290

PS Form 3800, August 2006                See Reverse for Instructions

7009 3410 0001 0346 7841

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

American General Finance
P.O. Box 54290
Los Angeles, CA 90054-0290

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee
B. Received by ( Printed Name)        C. Date of Deliver
CeSaR Sep     JUN 20 2010

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:      ☐ No

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7009 3410 0001 0346 7841

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-154

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

ALLEN TX 75013

| | | |
|---|---|---|
| Postage | $ $0.44 | 0094 |
| Certified Fee | $2.80 | 09 |
| Return Receipt Fee (Endorsement Required) | $2.30 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $5.54 | 06/21/2010 |

Sent To Experian - AG
Street, Apt. No.; or PO Box No. P.O. Box 2002
City, State, ZIP+4 Allen, TX 75013

PS Form 3800, August 2006                See Reverse for Instructions

7009 3410 0001 0346 8053

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Experian
P.O. Box 2002
Allen, TX 75013

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee
B. Received by ( Printed Name)        C. Date of Deliver
EXPERIAN
CENTRAL PARKWAY

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:      ☐ No

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7009 3410 0001 0346 8053

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-15

## U.S. Postal Service™ CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

ATLANTA GA 30374

| | | |
|---|---|---|
| Postage | $ | $0.44 | 0094 |
| Certified Fee | $2.80 | 09 |
| Return Receipt Fee (Endorsement Required) | $2.30 | JUN 21 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ | $5.54 | 06/21/2010 |

Sent To Equifax - AG
Street, Apt. No.; or PO Box No. P.O. Box 740241
City, State, ZIP+4 Atlanta GA 30374

PS Form 3800, August 2006          See Reverse

7009 3410 0001 0346 8091

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Equifax
P.O. Box 740241
Atlanta, GA 30374

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent ☐ Addressee
B. Received by (Printed Name) JUN 2 4 2010   C. Date of Delivery
D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail  ☐ Express Mail
☐ Registered      ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label)   7009 3410 0001 0346 8091

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

---

## U.S. Postal Service™ CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

CRUM LYNNE PA 19022

| | | |
|---|---|---|
| Postage | $ | $0.44 | 0094 |
| Certified Fee | $2.80 | 09 |
| Return Receipt Fee (Endorsement Required) | $2.30 | |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ | $5.54 | 06/21/20 |

Sent To Trans Union - AG
Street, Apt. No.; or PO Box No. P.O. Box 1000
City, State, ZIP+4 Chester, PA 19022

PS Form 3800, August 2006          See Reverse

7009 3410 0001 0346 8060

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Trans Union
P.O. Box 1000
Chester, PA 19022

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery
D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

**TransUnion LLC**
JUN 2 4 2010

3. Service Type
☐ Certified Mail  ☐ Express Mail
☐ Registered      ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label)   7009 3410 0001 0346 8060

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-154

# EXHIBIT B

# EXHIBIT B



:::Experian™
A world of insight

**Prepared for**
TIMOTHY PAUL HARRIS

**Report number**
1070-6058-87

**Report date**
June 30 2010 ← *Date Pulled*
www.experian.com/disputes
PO BOX 9701, Allen, TX 75013

**Page 4 of 18**

## Accounts in good standing

These items may stay on your credit report for as long as they are open. Once an account is closed or paid off it may continue to appear on your report for up to ten years.

## Credit items

**AMERICAN EDUCATION SVCS/NCT**
1200 N 7TH ST
HARRISBURG PA 17102
(800) 233-0577
**Partial account number**
17473791151PA0......
*See history of account balances for additional information.*

| Date opened | Date of status | Type | Responsibility | Credit limit or original amount | Recent balance | Status: Open/Never late. |
|---|---|---|---|---|---|---|
| Jul 2009 | Jul 2010 | Installment | ~~HARRIS~~ | NA | as of May 2010 ~~$~~ | Address identification number: |
| *Reported since* Aug 2009 | *Last reported* Jul 2010 | *Terms* 300 Months | | *High balance* NA | | |
| | | *Monthly payment* ~~$~~ | | | | |

**AMERICAN GENERAL FINANCE**
1928 N DECATUR BLVD
LAS VEGAS NV 89108
No phone number available
**Partial account number**
210118201187......
*See history of account balances for additional information.*

| Date opened | Date of status | Type | Responsibility | Credit limit or original amount | Recent balance | Status: Open/Never late. |
|---|---|---|---|---|---|---|
| Feb 2010 | Jun 2010 | Installment | Individual | $4,494 | $4,178 as of | Address identification number: |
| *Reported since* Feb 2010 | *Last reported* Jun 2010 | *Terms* 24 Months | | *High balance* NA | Jun 2010 | 5596/4340 |
| | | *Monthly payment* $236 | | | *Recent Payment* $236 | |

**BAC HOME LOANS/COUNTRYWIDE**
450 AMERICAN ST # SV416
SIMI VALLEY CA 93065
(800) 669-6607
**Partial account number**
2267......
*See history of account balances for additional information.*

| Date opened | Date of status | Type | Responsibility | Credit limit or original amount | Recent balance | Status: "Account information disputed |
|---|---|---|---|---|---|---|
| Apr 2009 | Jun 2010 | Mortgage | ~~Individual~~ | ~~$~~ | as | by consumer. (Meets requirement of the |
| *Reported since* Aug 2009 | *Last reported* Jun 2010 | *Terms* | | *High balance* NA | | Fair Credit Reporting Act)." |
| | | *Monthly payment* ~~$~~ | | | | Address identification number: |
| | | | | | | 5596/4340 |




# EXHIBIT C

# EXHIBIT C

| Account Name | Account Number | Date Opened | Balance | Date Reported | Past Due | Account Status | Credit Limit |
|---|---|---|---|---|---|---|---|
| Date Closed: | | 08/2009 | | Type of Loan: | | VA Real Estate Mortgage (Veteran's Administration) | |
| Date of First Delinquency: | N/A | | | | | | |
| Comments: | | | | | | | |

81-Month Payment History

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2009 | | | | • | • | • | • | | | | | |

⬆ Back to Top

## Installment Accounts

Installment accounts are credit accounts in which the amount of the payment and the number of payments are predetermined or fixed, such as a car loan.

## Open Accounts

| Account Name | Account Number | Date Opened | Balance | Date Reported | Past Due | Account Status | Credit Limit |
|---|---|---|---|---|---|---|---|
| AMERICAN GENERAL FIN | 210118201187XXXX | 02/2010 | $4,178 | 06/2010 | $0 | PAYS AS AGREED | |

**AMERICAN GENERAL FINANCE**

4825 S Rainbow Blvd Ste 208
Las Vegas, NV-891034748

| | | | |
|---|---|---|---|
| Account Number: | 210118201187XXXX | Current Status: | PAYS AS AGREED |
| Account Owner: | Individual Account. | High Credit: | $4,494 |
| Type of Account _!_: | Installment | Credit Limit: | |
| Term Duration: | 24 Months | Terms Frequency: | |
| Date Opened: | 02/2010 | Balance: | $4,178 |
| Date Reported: | 06/2010 | Amount Past Due: | $0 |
| Date of Last Payment: | 05/2010 | Actual Payment Amount: | $236 |
| Scheduled Payment Amount: | $236 | Date of Last Activity: | 05/2010 |
| Date Major Delinquency First Reported: | | Months Reviewed: | 3 |
| Creditor Classification: | | Activity Description: | N/A |
| Charge Off Amount: | | Deferred Payment Start Date: | |
| Balloon Payment Amount: | | Balloon Payment Date: | |
| Date Closed: | | Type of Loan: | Secured By Household Goods/Collateral |
| Date of First Delinquency: | N/A | | |
| Comments: | | | |

 

Date Pulled ⬇

# EXHIBIT D

# EXHIBIT D

Consumer Credit Report for **TIMOTHY PAUL HARRIS**

File Number: 223534432
Page: 2 of 10
Date Issued: 07/06/2010

## Satisfactory Accounts

The following accounts are reported with no adverse information. (Note: The account # may be scrambled by the creditor for your protection).

### AES/NCT #▮▮▮▮▮▮▮▮▮ 

POB 2461
HARRISBURG, PA 17105
(800) 233-0557

Loan Type: STUDENT LOAN

| | | Balance: | ▮▮▮▮▮ | Pay Status: | PAID OR PAYING AS AGREED |
|---|---|---|---|---|---|
| | | Date Updated: | ▮▮▮▮▮▮ | Account Type: | INSTALLMENT ACCOUNT |
| | | High Balance: | ▮▮▮▮▮ | Responsibility: | PRIMARY BORROWER ON ACCOUNT |
| | | Terms: | ▮▮▮▮▮▮▮▮▮▮▮ | Date Opened: | ▮▮▮▮▮ |

| Late Payments (35 months) | 0 | 0 | 0 | Last 35 months |
|---|---|---|---|---|

| | X | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | jun | may | apr | mar | feb | '10 | dec | nov | oct | sep | aug | jul | jun | may | apr | mar | feb | '09 | dec | nov | oct | sep | aug | jul |

| | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |
|---|---|---|---|---|---|---|---|---|---|---|
| | jun | may | apr | mar | feb | '08 | dec | nov | oct | sep | aug |

### AMER HONDA/GECCCC/GEMB #▮▮▮▮▮▮▮▮▮▮▮▮▮

PO BOX 981439
EL PASO, TX 79998
(866) 396-8254

Loan Type: CHARGE ACCOUNT
Remarks: ACCOUNT CLOSED BY CONSUMER

| | | Balance: | ▮▮ | Pay Status: | PAID OR PAYING AS AGREED |
|---|---|---|---|---|---|
| | | Date Updated: | ▮▮▮▮▮▮ | Account Type: | REVOLVING ACCOUNT |
| | | High Balance: | ▮▮▮▮ | Responsibility: | INDIVIDUAL ACCOUNT |
| | | Credit Limit: | ▮▮▮▮ | Date Opened: | ▮▮▮▮▮ |
| | | | | Date Closed: | ▮▮▮▮▮ |
| | | | | Date Paid: | ▮▮▮▮▮ |

| Late Payments (48 months) | 0 | 0 | 0 | Last 48 months |
|---|---|---|---|---|

| | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | may | apr | mar | feb | '10 | dec | nov | oct | sep | aug | jul | jun | may | apr | mar | feb | '09 | dec | nov | oct | sep | aug | jul | jun |
| | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |
| | may | apr | mar | feb | '08 | dec | nov | oct | sep | aug | jul | jun | may | apr | mar | feb | '07 | dec | nov | oct | sep | aug | jul | jun |

### AMERICAN GEN FIN #2101182011879711

1928 N DECATUR BLVD
LAS VEGAS, NV 89108-2206
(702) 647-4599

Loan Type: SECURED BY HSHLD GDS &&COLLAT

| | | Balance: | $4,178 | Pay Status: | PAID OR PAYING AS AGREED |
|---|---|---|---|---|---|
| | | Date Verified: | 06/2010 | Account Type: | INSTALLMENT ACCOUNT |
| | | High Balance: | $4,494 | Responsibility: | INDIVIDUAL ACCOUNT |
| | | Terms: | 24 UNSPECIFIED $236 | Date Opened: | 02/2010 |

| Late Payments (04 months) | 0 | 0 | 0 | Last 4 months |
|---|---|---|---|---|

| | X | OK | OK | OK |
|---|---|---|---|---|
| | may | apr | mar | feb |

### BAC HOME LOANS SERV LP #▮▮▮▮▮▮▮

450 AMERICAN ST SV416X
SIMI VALLEY, CA 93065
(800) 669-6607

Loan Type: VA REAL ESTATE MORTGAGE
Remarks: ACCT INFO DISPUTED BY CONSUMR

| | | Balance: | ▮▮▮▮▮▮ | Pay Status: | PAID OR PAYING AS AGREED |
|---|---|---|---|---|---|
| | | Date Updated: | ▮▮▮▮▮▮ | Account Type: | MORTGAGE ACCOUNT |
| | | High Balance: | ▮▮▮▮▮▮ | Responsibility: | INDIVIDUAL ACCOUNT |
| | | Terms: | ▮▮▮▮▮▮▮5 | Date Opened: | ▮▮▮▮▮ |

| Late Payments (03 months) | 0 | 0 | 0 | Last 3 months |
|---|---|---|---|---|

| | OK | X | OK |
|---|---|---|---|
| | dec | nov | oct |

### CAPITAL ONE BANK USA NA #517▮▮▮▮▮▮▮▮▮▮▮

PO BOX 30281
SALT LAKE CITY, UT 84130
(800) 955-7070

Loan Type: CREDIT CARD
Remarks: DISP RESLVD RPRTD BY GRANTOR

| | | Balance: | ▮▮ | Pay Status: | PAID OR PAYING AS AGREED |
|---|---|---|---|---|---|
| | | Date Updated: | ▮▮▮▮▮▮ | Account Type: | REVOLVING ACCOUNT |
| | | High Balance: | ▮▮▮▮ | Responsibility: | INDIVIDUAL ACCOUNT |
| | | Credit Limit: | ▮▮▮▮ | Date Opened: | ▮▮▮▮▮ |
| | | | | Date Closed: | ▮▮▮▮▮ |
| | | | | Date Paid: | ▮▮▮▮▮ |

| Late Payments (29 months) | 0 | 0 | 0 | Last 29 months |
|---|---|---|---|---|

| | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | jun | may | apr | mar | feb | '08 | dec | nov | oct | sep | aug | jul | jun | may | apr | mar | feb | '07 | dec | nov | oct | sep | aug | jul |

| | OK | OK | OK | OK | OK |
|---|---|---|---|---|---|
| | jun | may | apr | mar | feb |

To dispute online go to: **http://transunion.com/disputeonline**

# EXHIBIT E

# EXHIBIT E

| | Experian | Equifax | TransUnion |
|---|---|---|---|
| Current: | | | |
| Closed: | | | |
| DEROGATORY SUMMARY: | | | |
| Inquiries: | | | |
| Public Records: | | | |
| Collections Accounts: | | | |
| Current Delinquencies: | | | |
| Prior Delinquencies: | | | |

## Account History

Below is information on any accounts you may have opened in the past. Accounts that are paid as agreed can remain on your report for up to 10 years from the date of last activity. Typically, a consumer reporting agency will not report negative information that is more than seven years old, or bankruptcies that are more than 10 years old.

DOLR CIRCLE

| | Experian | Equifax | TransUnion |
|---|---|---|---|
| Account Name: | | | |
| Account Number: | | | |
| Account Type: | | | Installment |
| Account Status: | | | Open |
| Monthly Payment: | | | |
| Date Opened: | | | |
| Balance: | | | |
| Terms: | | | |
| High Balance: | | | |
| Limit: | | | - |
| Past Due: | | | |
| Payment Status: | | | Current |
| Comments: | | | Unsecured |

24-Month Payment History

| Date: | Nov 08 | Dec 08 | Jan 09 | Feb 09 | Mar 09 | Apr 09 | May 09 | Jun 09 | Jul 09 | Aug 09 | Sep 09 | Oct 09 | Nov 09 | Dec 09 | Jan 10 | Feb 10 | Mar 10 | Apr 10 | May 10 | Jun 10 | Jul 10 | Aug 10 | Sep 10 | Oct 10 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Experian: | | | | | | | | | | | | | | | | | | | | | | | | |
| Equifax: | | | | | | | | | | | | | | | | | | | | | | | | |
| TransUnion: | | | | | | | | | | | | | | | | | | | | | | OK | | OK |

AMERICAN GENERAL FINAN

| | Experian | Equifax | TransUnion |
|---|---|---|---|
| Account Name: | AMERICAN GENERAL FINAN | AMGNL | AMER GEN FIN |
| Account Number: | 210178801187XXXX | 210118201187XXXX | 210178801187XXXX |
| Account Type: | Installment | Installment | Installment |
| Account Status: | Open | Open | Open |
| Monthly Payment: | $236 | $236 | $236 |
| Date Opened: | 02/2010 | 02/2010 | 02/2010 |
| Balance: | $4,068 | $4,178 | $4,068 |

Self-Pulled Report From Privacy Guard   11-15-2010

11/17/2010 1:38 A

| | | | |
|---|---|---|---|
| Terms: | 24 | | 24 |
| High Balance: | $4,494 | $4,494 | $4,494 |
| Limit: | - | | |
| Past Due: | $959 | $0 | $959 |
| Payment Status: | 120 Days Late | Current | 120 Days Late |
| Comments: | Account in dispute - reported by subscriber (FCBA) Account information disputed by customer | | Secured By Household Goods & Other Collateral Account information disputed by consumer |

**24-Month Payment History**

| Date: | Nov 08 | Dec 08 | Jan 09 | Feb 09 | Mar 09 | Apr 09 | May 09 | Jun 09 | Jul 09 | Aug 09 | Sep 09 | Oct 09 | Nov 09 | Dec 09 | Jan 10 | Feb 10 | Mar 10 | Apr 10 | May 10 | Jun 10 | Jul 10 | Aug 10 | Sep 10 | Oct 10 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Experian: | | | | | | | | | | | | | | | | OK | OK | OK | OK | OK | OK | 60 | 90 | 120 |
| Equifax: | | | | | | | | | | | | | | | | OK | OK | OK | OK | | | | | |
| TransUnion: | | | | | | | | | | | | | | | | OK | OK | OK | ND | OK | OK | 60 | 90 | 120 |

**~~HSBC BANK~~**

| | Experian | Equifax | TransUnion |
|---|---|---|---|
| Account Name: | ~~HSBC BANK~~ | ~~HSBC BANK~~ | ~~HSBC BANK~~ |
| Account Number: | ~~50700100XX~~ | ~~35007994XXXX~~ | ~~52065500XXXXX~~ |
| Account Type: | Revolving | Revolving | Revolving |
| Account Status: | Open | Open | Open |
| Monthly Payment: | ~~$15~~ | ~~$15~~ | ~~$15~~ |
| Date Opened: | ~~01/2010~~ | ~~04/2010~~ | ~~04/2010~~ |
| Balance: | ~~$174~~ | ~~$174~~ | ~~$174~~ |
| Terms: | | | 0 |
| High Balance: | ~~$100~~ | - | ~~$100~~ |
| Limit: | ~~$600~~ | ~~$600~~ | ~~$600~~ |
| Past Due: | - | - | $0 |
| Payment Status: | Current | Current | Current |
| Comments: | | | Credit Card |

**24-Month Payment History**

| Date: | Nov 08 | Dec 08 | Jan 09 | Feb 09 | Mar 09 | Apr 09 | May 09 | Jun 09 | Jul 09 | Aug 09 | Sep 09 | Oct 09 | Nov 09 | Dec 09 | Jan 10 | Feb 10 | Mar 10 | Apr 10 | May 10 | Jun 10 | Jul 10 | Aug 10 | Sep 10 | Oct 10 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Experian: | | | | | | | | | | | | | | | | OK | OK | OK | OK | OK | OK | OK | OK | OK |
| Equifax: | | | | | | | | | | | | | | | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |
| TransUnion: | | | | | | | | | | | | | | | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

**~~PREFERRED CREDIT INC~~**

| | Experian | Equifax | TransUnion |
|---|---|---|---|
| Account Name: | ~~PREFERRED CREDIT INC~~ | ~~PREFERRED CR~~ | ~~PREFERRED CR~~ |
| Account Number: | ~~0010XX~~ | ~~0010XX~~ | ~~0010XX~~ |
| Account Type: | Installment | Installment | Installment |
| Account Status: | Open | Open | Open |
| Monthly Payment: | ~~$86~~ | ~~$86~~ | ~~$86~~ |
| Date Opened: | ~~08/2008~~ | ~~08/2008~~ | ~~08/2008~~ |
| Balance: | ~~$4,801~~ | ~~$4,801~~ | ~~$4,801~~ |

Self-Pulled Report From Privacy Guard   11-15-2010

11/17/2010 1:38 A

# EXHIBIT F

# EXHIBIT F

1   DAVID W. DACHELET, ESQ.
     Nevada Bar No. 6615
2   FENNEMORE CRAIG, P.C.
     300 South Fourth Street, Suite 1400
3   Las Vegas, Nevada 89101
     Telephone: 702.692.8000
4   Facsimile: 702.692.8099
     e-mail: ddachele@fclaw.com

5

6   *Attorneys for Defendant American General Financial Services of America, Inc.*

7              **UNITED STATES DISTRICT COURT**

8                **DISTRICT OF NEVADA**

9   TIMOTHY P. HARRIS, Pro Se,     |  Case No.:   2:10-cv-01662-GMN-LRL

10          Plaintiff,

11    vs.                    **AFFIDAVIT OF JAMES R.**

12   AMERICAN GENERAL FINANCIAL    **SIMMERMAN IN SUPPORT OR**
     SERVICES LLC,                **DEFENDANT'S OPPOSITION TO**
                           **PLAINTIFF'S MOTION FOR**

13          Defendant.         **SUMMARY JUDGMENT**

14

15   I, JAMES R. SIMMERMAN, being first duly sworn on oath, depose and say the

16   following:

17        1.     I am a Vice President, Director of Operations, with American General

18   Financial Services of America, Inc., ("AGFSA") and I am making this Affidavit in

19   support of Defendant's Opposition to Plaintiff's Motion for Summary Judgment in the

20   above captioned matter.

21        2.     I have overall responsibility for business matters which may impact, or have

22   the potential to impact, the operations of AGFSA within my Division, which includes

23   most of the branches in eight states, including those related to the Service Center branch

24   in Las Vegas, Nevada, at which Plaintiff's account is situated.

25        3.     As part of my job duties, I have the ability to, and regularly do, access and

26   review the account records for individual borrowers, including Plaintiff.   AGFSA's

27   account records are made by persons with knowledge of the matters they record, or from

28   information supplied by persons with such knowledge, and are made at or about the time

FENNEMORE CRAIG, P.C.
LAS VEGAS

of the event recorded.  It is AGFSA's practice to maintain such files and documents in the regular course of its business.

4.     AGFSA has established policies and procedures regarding the maintenance of account records.  Employees are specifically instructed, trained and required to maintain complete and accurate account records, and employees are disciplined, should they fail to abide by AGFSA's policies and procedures regarding recordation and maintenance of account records.

5.     I have reviewed Plaintiff's records on file with AGFSA and have personal knowledge of the matters contained herein, except those matters identified as being made on information and belief, and would, if called upon to do so, competently testify as to the matters set forth herein.

6.     AGFSA loaned Plaintiff money, after which Plaintiff defaulted on the loan amount.  AGFSA is not a third party debt collector in this case, but is the first-party lender and is in privity of contract with Plaintiff on the underlying debt.

7.     Due to Plaintiff's default on the loan, it was ultimately necessary as a last resort, having exhausted all efforts to reach out to Plaintiff to resolve the default, to pursue and obtain a judgment against Plaintiff in the amount of $4,315.27, in Las Vegas Justice Court.

8.     On September 27, 2010, Plaintiff filed a lawsuit against AGFSA alleging violations of specific sections of the Federal Credit Reporting Act and Telephone Consumer Protection Act.

9.     AGFSA's legal department learned of the existence of the present lawsuit late in the afternoon of September 30, 2010.  The following day, on October 1, 2010, the Las Vegas Service Center branch was notified by the legal department of the fact that Plaintiff had filed a lawsuit, and in accordance with AGFSA's litigation policies and procedures, the branch flagged Plaintiff's account as in "dispute."

FENNEMORE CRAIG, P.C.
LAS VEGAS

10. AGFSA is required to provide accurate, up-to-date information about account status to the consumer reporting agencies, and it complied with that duty in this case.

11. Once an account is flagged as in "dispute", this ensures that any AGFSA employee reviewing the account is made aware that no customer contact or action can occur with respect to the account without the express approval of AGFSA's legal department. One purpose of this action is to ensure that parties do not receive collection letters or phone calls after litigation is filed, as they are typically represented by counsel at that point.

12. The flagging of Plaintiff's account as in "dispute" was done in compliance with internal policies and all applicable laws, and was not done punitively, under false pretenses or for any improper purpose.

13. I am competent to testify to the facts stated herein.

FURTHER, YOUR AFFIANT SAYETH NAUGHT.

DATED this 15th day of DECEMBER, 2010.

James R. Simmerman
*Vice President, Director of
Operations, American General
Financial Services of America, Inc.*

SUBSCRIBED and SWORN to before
me this 15th day of December, 2010.

NOTARY PUBLIC in and for
Said County and State

CARMEN B. CARRASCO
NOTARY PUBLIC - ARIZONA
PIMA COUNTY
My Commission Expires
January 10, 2011

- 3 -

# EXHIBIT G

# EXHIBIT G

1   DAVID W. DACHELET, ESQ.
    Nevada Bar No. 6615
2   **FENNEMORE CRAIG, P.C.**
    300 South Fourth Street, Suite 1400
3   Las Vegas, Nevada 89101
    Telephone: 702.692.8000
4   Facsimile: 702.692.8099
    e-mail: ddachele@fclaw.com
5
    *Attorneys for Defendant*
6   *American General Financial*
    *Services of America, Inc.*
7
                    **UNITED STATES DISTRICT COURT**
8
                         **DISTRICT OF NEVADA**
9
    TIMOTHY P. HARRIS, Pro Se,          Case No.:   2:10-cv-01662-GMN-LRL
10
                        Plaintiff,
11
12        vs.                               **DEFENDANT'S OPPOSITION
                                            TO PLAINTIFF'S MOTION FOR
13    AMERICAN GENERAL FINANCIAL             SUMMARY JUDGMENT**
      SERVICES LLC,
14
                        Defendant.
15
16          Defendant AMERICAN GENERAL FINANCIAL SERVICES OF AMERICA, INC.

17   ("AGFSA"), erroneously sued as AMERICAN GENERAL FINANCIAL SERVICES, LLC, by

18   and through its undersigned counsel, pursuant to Fed. R. Civ. P. 56, hereby submits its

19   Opposition to Plaintiff's Motion for Summary Judgment (#15) ("Motion").

20          AGFSA bases this Opposition on Fed. R. Civ. P. 56, the Memorandum of Points and

21   Authorities that follows, the exhibits attached hereto, the papers and pleadings already on file

22   herein, and any oral argument the Court may permit at the hearing of this matter, all of

23   / / /

24   / / /

25   / / /

26

27

28

FENNEMORE CRAIG, P.C.   LAS/105205.1/12547.009
    LAS VEGAS

which demonstrate that Plaintiff's baseless Motion for Summary Judgment should be denied.

DATED this 16th day of December, 2010.

FENNEMORE CRAIG, P.C.

By: */s/ David W. Dachelet*
DAVID W. DACHELET
Nevada Bar No. 6615
300 S. Fourth Street, Suite 1400
Las Vegas, Nevada 89101

*Attorneys for Defendant American General
Financial Services of America, Inc.*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Plaintiff is not entitled to summary judgment in this matter, no matter how many rogue pleadings he files in support of his Motion.[1]  Indeed, Plaintiff shows no signs of slowing his penchant for filing a multitude of self-styled motions.[2]  Despite Plaintiff's efforts to obfuscate the real issues at hand, he cannot escape the fact that his current motion for summary judgment relies on a new and previously undisclosed statutory remedy, which is simply inapplicable under the facts of this case.

In his newest Motion, Plaintiff erroneously alleges that AGFSA violated § 1681q of the Fair Credit Reporting Act ("FCRA"). That section states "[a]ny person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined under title 18, United States Code, imprisoned for not more than 2 years,

---

[1] In "support" of this Motion alone, Plaintiff has contemporaneously filed a "Notice of Motion and Motion for Summary Judgment," a "Memorandum of Points and Authorities in Support of Plaintiff's [sic] Motion for Summary Judgment," a "Separate Statement of Undisputed Material Facts in Support of Motion for Summary Judgment," a "Plaintiff's Request for Judicial Notice in Support of Motion for Summary Judgment," an "Affidavit of Timothy Harris Submitted in Support of Plaintiff's Motion for Summary Judgment" (hereinafter, "Harris MSJ Aff."), and a host of non-authenticated exhibits.

[2] In fact, Plaintiff filed two motions on Tuesday, December 7, 2010, a "Plaintiff's Request for Judicial Notice" and a "Plaintiff's Notice to District Judge Gloria M. Navarro." Additionally, on Friday, December 10, 2010, Plaintiff filed two more documents with the Court, a "Motion to Vacate Order to Stay Discovery" and a similarly self-styled "Plaintiff's Affidavit of Non-Consent."

or both." 15 USC § 1681q. For this section of the FCRA to apply, which it does not, AGFSA would have had to obtain Mr. Harris's credit information under "false pretenses." Section 1681q cannot be applied against AGFSA because AGFSA is a *reporting* entity (i.e., a "furnisher of information", under the FCRA) to the credit reporting agencies, and never *obtained* his credit information, much less did it do so under some misleading guise. Further, Plaintiff's § 1681q claim is not properly before this Court because Plaintiff never alleged a violation of this section of the FCRA in his Complaint. Finally, this Court should not allow any amendment of Plaintiff's Complaint to include § 1681q because the claim is inapplicable to the facts at hand.

In sum, Plaintiff's Motion, like every motion that Plaintiff has filed in this case, fails to allege a proper, cognizable cause of action against AGFSA. Consequently, AGFSA respectfully requests that this Court deny Plaintiff's Motion for Summary Judgment for a violation of § 1681q, and proceed to enter an order granting AGFSA's Motion to Dismiss [Doc. 6] this suit with prejudice.

## II.

## STATEMENT OF FACTS

This case is about Plaintiff refusing to pay a debt, and then improperly alleging foul-play when AGFSA took proper actions to collect payment of its debt. It is undisputed that the only reason AGFSA had any contact with Plaintiff is his default, in 2010, on a loan (the "Loan") with AGFSA. After Plaintiff defaulted on the Loan, he apparently became dissatisfied with the information reported in his consumer credit reports, and also objected to telephone calls he allegedly received on his cellular telephone from AGFSA.

On August 19, 2010, AGFSA filed a complaint against Plaintiff in the Las Vegas Justice Court to collect payment on the Loan that Plaintiff had obtained from AGFSA. *See* a certified copy of AGFSA's Affidavit of Complaint filed in the Justice Court, attached hereto as **Exhibit A**.[3] On September 29, 2010, due to Plaintiff's default, the Justice Court rendered a Judgment in

---

[3] AGFSA respectfully requests that the Court consider the attached exhibits containing the Justice Court's certified copies of the pleadings in the underlying Justice Court case under the doctrine of judicial notice. *See* 2 James Wm. Moore et al., *Moore's Federal Practice* § 12.34[2] (3d ed. 1999).

favor of AGFSA in the amount of $4,315.27. *See* a certified copy of the Justice Court's Judgment, attached hereto as **Exhibit B**.

Meanwhile, on September 27, 2010, Plaintiff filed a Complaint against AGFSA in the instant action. *See* Complaint, attached hereto as **Exhibit C.** Per the Complaint, the only issues before the Court in this case are whether AGFSA violated §§ 1681s-2(a) and 1681s-2(b) of the FCRA and §§ 227(b)(1) or 227(d) of the Telephone Consumer Protection Act ("TCPA") with respect to the information reported in Plaintiff's consumer credit reports and AGFSA's alleged telephone calls to Plaintiff. *Id.*[4] Yet now, Plaintiff seeks summary judgment against AGFSA for an alleged violation of § 1681q, a totally new allegation not contained in his Complaint. *See* Exhibit C, generally.

AGFSA specifically disputes Plaintiff's "undisputed" material facts as set forth in support of his Motion for Summary Judgment. *See* Plaintiff's Separate Statement of Undisputed Material Facts in Support of Motion for Summary Judgment, ("Plaintiff's UMF") at p. 1.[5] Contrary to Plaintiff's claims that AGFSA pulled Plaintiff's credit as some sort of punitive tactic, AGFSA only placed a disputed balance flag on his account on October 1, 2010, as a result of Plaintiff's filing of <u>this</u> lawsuit. *See* Aff. of James R. Simmerman, ¶ 6, attached hereto as **Exhibit D**; *cf.* Plaintiff's UMF, ¶ 4. In short, Plaintiff caused his own alleged injury of a "disputed" credit status when he filed suit against AGFSA. *Id.*

Notably, Plaintiff is not content with seeking civil damages against AGFSA. Instead, he is pursuing criminal sanctions under § 1681q, apparently seeking a two-year prison sentence against his former lender. *See* § 1681q. Plaintiff's extortionary intent has been demonstrated by his use of correspondence demanding settlement in the face of criminal sanctions, and allusions to possible Nevada State Bar complaints against AGFSA's attorneys. *See* the Affidavit of David W.

---

[4] AGFSA notes that each of these issues is separately disputed in its pending Motion to Dismiss (Doc. 6).

[5] Plaintiff also filed an Affidavit in support of his Motion for Summary Judgment ("Harris MSJ Aff."), which recycles the same arguments from Plaintiff's UMF, alleging AGFSA changed Plaintiff's credit status under "false pretenses" and without any "permissible purpose." *See* Harris MSJ Aff., ¶¶ 3, 8. In the interest of judicial economy, AGFSA will cite to Plaintiff's UMF for the purposes of refuting these "facts" but expressly incorporates these objections against these same statements found in the Harris MSJ Aff.

Dachelet, attached hereto as **Exhibit E**.

### III.

### LEGAL ARGUMENT

Plaintiff's Motion for Summary Judgment is both factually and legally deficient under Fed. R. Civ. P. 56.[6] The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is only appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), *cert. denied*, 516 U.S. 1171 (1996).

The moving party bears the burden of informing the Court of the basis for their motion, together with evidence demonstrating the absence of any genuine issue of material fact. *See Celotex*, 477 U.S. at 323. Once the moving party has met its burden, the non-moving party may show, through affidavits or admissible discovery material, that a valid dispute still exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must view the evidence and the inferences arising therefrom in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). Where reasonable minds could differ on the material facts at issue, however, summary judgment should not be granted. *Warren*, 58 F.3d at 441.

A.  **Plaintiff's Motion Should be Denied Because it is Premised upon Newly Asserted Claims Not Included in his Complaint.**

Despite now moving for summary judgment based upon a purported violation of § 1681q

---

[6] *Pro se* litigants in a civil case should **not** be treated more favorably than parties with attorneys of record. *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) (upholding summary judgment against pro se plaintiff in civil rights case where plaintiff failed to file responsive material in opposition of summary judgment motion). *Pro se* litigants must follow the same rules of procedure that govern all litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

of the FCRA, Plaintiff's Complaint does not mention or even allude to any violation of § 1681q of the FCRA by AGFSA. *See* Exhibit C at p. 2, lines 47-50 (alleging a violation of §1681s-2); p. 4, lines 102-04 (alleging violations of § 1681s-2(a-b)).  As a result of Plaintiff's failure to properly plead a violation of § 1681q, AGFSA has never received fair notice that Plaintiff was pursuing this claim under this particular statute.  Under Fed. R. Civ. P. 8(a)(2), Plaintiff's Complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Pickern v. Pier 1 Imps. (US), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006).  Here, there was no fair notice because Plaintiff only sued on other, specific portions of the FCRA, and AGFSA cannot be deemed to have notice of unasserted claims.

Plaintiff's transparent attempt to raise a new claim or argument that AGFSA violated § 1681q of the FCRA for the first time in his Motion for Summary Judgment is, in and of itself, grounds for denial.  *Shamburger v. Roy*, 1995 U.S. App. LEXIS 6011, at *2 n.1 (9th Cir. Dec. 13, 1994) (noting that the district court did not err in refusing to consider arguments raised for the first time in the pro se plaintiff's opposition to defendants' motion for summary judgment). Plaintiff cannot obtain summary judgment on a novel argument that has never been briefed, particularly where the requisite elements of that cause of action have never been pleaded. *See Lee v. NNAMHS*, 2009 U.S. Dist. LEXIS 86705, at *10 n.5 (D. Nev. Sept. 21, 2009) (remarking, in a case involving a pro se plaintiff, that "[i]t is not appropriate for Plaintiff to assert new allegations outside the scope of the complaint" in summary judgment briefing); *Matthews v. Endel*, 2007 U.S. Dist. LEXIS 98168, at *6 n.3 (D. Nev. Sept. 12, 2007) (disregarding new allegations raised in the pro se plaintiff's three responses to the defendants' motion for summary judgment).

In short, summary judgment on any putative § 1681q claim is improper because the only issues that Plaintiff has actually brought before the Court in this case are whether AGFSA violated §§ 1681s-2(a) and 1681s-2(b) of the FCRA and §§ 227(b)(1) and 227(d) of the Telephone Consumer Protection Act ("TCPA").  Thus, the Court should disregard Plaintiff's new § 1681q claims as irrelevant and outside the scope of Plaintiff's Complaint.

/ / /

**B.** **In any case, Plaintiff Cannot Demonstrate That AGFSA violated § 1681q of the FCRA and, as such, the Motion Should be Denied.**

Even if Plaintiff had alleged a violation of § 1681q in his Complaint, summary judgment is nevertheless inappropriate as to such a claim. Again, that section states "[a]ny person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined under title 18, United States Code, imprisoned for not more than 2 years, or both." § 1681q. The entire basis for Plaintiff's Motion for Summary Judgment is the patently false allegation that "Defendant has pulled Plaintiff's credit report during litigation under false pretenses which is a violation of FCRA [§ 1681q]..." *See* Plaintiff's Motion for Summary Judgment, at p. 1. Section 1681q of the FCRA criminalizes a person's knowing and willful obtaining of information on a consumer from a consumer reporting agency under false pretenses.[7] *See* § 1681q.

In order for Plaintiff to assert a valid § 1681q claim, AGFSA would have to 1) obtain Plaintiff's credit report; 2) falsely represent that it was obtaining Plaintiff's credit report for a permissible purpose; 3) while secretly using Plaintiff's credit report for an impermissible purpose. *See* § 1681q. The facts simply do not provide support for a claim that AGFSA did any of these things. *See* Exhibit D at ¶ 9. In this case, there is no undisputed, material fact that shows AGFSA acted under false pretenses, or for any impermissible purpose, with regard to Plaintiff's credit information.

1.   Plaintiff's §1681q Claim is Not Applicable to This Case.

Plaintiff has not submitted to the Court any admissible evidence that AGFSA 1) obtained his credit report; 2) under false pretenses; 3) for an impermissible purpose. *See Graziano v. TRW,*

---

[7] A trial court can only consider admissible evidence in ruling on a motion for summary judgment. *See* Fed. R. Civ. P. 56(c); *Beyene v. Coleman Sec. Servs., Inc.,* 854 F.2d 1179, 1181 (9th Cir. 1988). Plaintiff's Motion does not point to any specific facts indicating AGFSA *obtained* Plaintiff's credit reports under "false pretenses", other than his own self-serving affidavit. In that document, Plaintiff does nothing more than merely opine that "[d]efendant has once again pulled the Plaintiff's credit report without any permissible purpose." *See* Harris MSJ Aff., p. 1, lines 18-25. No other evidence is offered to support such a bald assertion. This statement is clearly hearsay and should be stricken by this Court, as Plaintiff cannot testify with personal knowledge as to whether AGFSA "pulled Plaintiff's credit report," much less that it did so without "any permissible purpose" or "under false pretenses." *See Beyene,* 854 F.2d at 1181.

*Inc.,* 877 F. Supp. 53, 57 (D. Mass. 1995). Rather, Plaintiff has conflated the standard, and is alleging AGFSA acted under "false pretenses" for properly updating the "disputed" status of Plaintiff's account. *See* Plaintiff's Motion for Summary Judgment, at p. 1.

In *Graziano,* the Court concluded "that 'false pretenses' under 15 U.S.C. § 1681q requires not merely a purpose which is not technically in compliance with the purposes set forth in 15 U.S.C. § 1681b, but **a calculated attempt to mislead another in order to obtain information.**" *See Graziano,* 877 F. Supp. at 57 (emphasis added); *Veno v. AT&T Corp.,* 297 F. Supp. 2d 379, 385 (D. Mass. 2003). Here, there is simply no evidence, and certainly no undisputed material fact, which shows that AGFSA engaged in a "calculated attempt to mislead another." *See e.g.,* Exhibit D at ¶ 9. Moreover, AGFSA's reflection of Plaintiff's account status as "disputed" is merely a **reporting** function related to the furnishing of information, and not an effort to **obtain** information for some improper purpose. Thus, § 1681q does not apply to AGFSA's flagging of Plaintiff's account.

Even assuming, however, that the furnishing (out) of information somehow constitutes the obtaining (in) of information, Plaintiff has not established, and cannot establish, that AGFSA did so under false pretenses with an impermissible purpose. "[T]he standard for determining when a consumer report has been obtained under false pretenses will usually be defined in relation to the permissible purposes of consumer reports which are enumerated in 15 U.S.C. § 1681b." *Hansen v. Morgan,* 582 F.2d 1214, 1219 (9th Cir. 1978). Under § 1681b(a)(3)(A), it is proper for a consumer reporting agency to furnish credit reports for the purposes of the "review or collection of an account." In the case at bar, Plaintiff was a customer of AGFSA, and AGFSA had the right to "review" his account as needed for maintenance and collection purposes. *Id.*

In sum, AGFSA's flagging of Plaintiff's account as disputed simply does not fit the recognized definition of "false pretenses" under § 1681q. *See Graziano,* 877 F. Supp. at 57. Moreover, any review of Plaintiff's account by AGFSA would have been authorized by § 1681b(a)(3)(A) as related to the legitimate purpose of collecting the $4,315.27 outstanding debt that Plaintiff owes AGFSA. *See* Exhibit B. Finally, §1681q only concerns the illicit *obtaining* of

information, not the *furnishing* of information, and consequently cannot apply to AGFSA's update of Plaintiff's account status. Thus, §1681q is irrelevant for a host of reasons and does not apply to AGFSA's proper actions in this case.

        2.    <u>Plaintiff's Motion Should be Denied Because There Are Disputed Material Facts Which Preclude Summary Judgment.</u>

AGFSA disputes material facts that are necessary elements of Plaintiff's §1681q claim. Specifically, AGFSA did not "knowingly and willfully obtain information on a consumer from a consumer reporting agency under false pretenses." *See* § 1681q. On the contrary, AGFSA is required by law to provide accurate information about consumers, including the disputed status of an account, to consumer reporting agencies. *See* 15 U.S.C. § 1681s-2(a)(1); Exhibit D at ¶ 7. If an account status changes, AGFSA is required to update that information and to correct erroneously reported information. This type of account update is a permissible purpose under the FCRA. *See* 15 U.S.C. § 1681s-2(a)(2); Exhibit D at ¶ 7; *cf.* Plaintiff's UMF, ¶¶ 4, 5 (alleging no permissible purpose).

In reporting that Plaintiff's account was in "dispute" to the credit reporting agencies, AGFSA was simply complying with its responsibility under § 1682s-2(a)(1)(A) of the FCRA. *Id.* Moreover, AGFSA's policy of flagging the account accomplishes the purpose of ensuring that the account holder should not be contacted except through authorized channels. Exhibit C at ¶ 8. Flagging an account as "disputed" is meant to stop collection efforts, including phone calls, to the overdue account holder, which, ironically, protects Plaintiff from the very allegations which form the basis of his Complaint. *Id.* at ¶ 8.

In short, AGFSA correctly marked the account in dispute because Plaintiff sued AGFSA. In so doing, AGFSA was following the law and was not acting improperly or for any impermissible purpose. *Id.* at ¶ 9. These disputed, material facts, supported by AGFSA's countervailing affidavit are sufficient to defeat Plaintiff's Motion for Summary Judgment.

/ / /

/ / /

1

2   **C.    Plaintiff Should Not be Permitted to Amend His Complaint to Add a §1681q Claim**

3   **Because the Amendment Would Be Futile.**

4   Setting aside the fact that it was never pleaded in Plaintiff's Complaint, any attempt to

5   amend Plaintiff's Complaint to include the § 1681q claim would be futile, as the claim has no

6   basis in fact or law.  While it is true that leave to amend shall be freely given when justice so

7   requires, the Court is required to be a gate keeper because the validity of the amendment must be

8   examined. *See* Fed. R. Civ. P. 15. Courts may deny leave to amend if the proposed amendment

9   would be futile. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

10  Furthermore, "courts should be cautious of last-second amendments alleging meritless claims ...

11  the proper method to deal with such tactics is to deny leave to amend on grounds of futility."

12  *Soebbing v. Carpet Barn*, 109 Nev. 78, 84 (1993).[8]

13  A proposed amendment is futile if no set of facts can be proved under the amendment to

14  the pleadings that would constitute a valid and sufficient claim or defense. *See generally* 3 J.

15  Moore's Federal Practice 15.08[4] (2d ed.) (proper test to be applied when determining the legal

16  sufficiency of a proposed amendment is identical to the one used when considering the

17  sufficiency of a pleading challenged under Rule 12(b)(6)); *see also Bell Atl. Corp. v. Twombly*,

18  550 U.S. 544, 555 (2007). While Fed. R. Civ. P. 8 does not require the Complaint to give detailed

19  factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of

20  the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing

21  *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above

22  the speculative level." *Twombly*, 550 U.S. at 555.

23  1.    Plaintiff's §1681q Claim is Futile Because it Cannot Survive a Motion to Dismiss.

24  Under the futility standard, which is the same as a Fed. R. Civ. P. 12(b)(6) analysis,

25  Plaintiff has not demonstrated that he has alleged facts that can support his § 1681q claim. "As a

26  general rule, a person is proceeding under [§1681q] false pretenses when she (1) knowingly and

27  willfully obtains a consumer report for a purpose that is not sanctioned by the FCRA and (2) fails

28  _____

[8]    The Nevada Rules of Civil Procedure are persuasive because they are based in large part upon their federal counterparts. *Executive Mgmt., Ltd. v. Ticor Title Ins. Co.*, 118 Nev. 46, 38 P.3d 872 (2002).

to disclose her true motivation to the consumer reporting agency." *See Duncan v. Handmaker,* 149 F.3d 424, 426 (6th Cir. 1998).

As stated above, Plaintiff makes the conclusory allegation that AGFSA "pulled Plaintiff's credit report during litigation under false pretenses which is a violation of the FCRA" on the first page of his Motion for Summary Judgment. However, Plaintiff's bare allegation of "false pretenses" is merely a "formulaic recitation" of the statute's language and is devoid of the "further factual enhancement" required—and, therefore, insufficient to survive dismissal—under Rule 12(b)(6). *See Iqbal,* 129 S. Ct. at 1949.

  2. Plaintiff's §1681q Claim is Futile Because Plaintiff's Cannot Demonstrate that AGFSA's Actions Were Improper.

Plaintiff fails to demonstrate that AGFSA obtained his credit report for an unsanctioned purpose under the FCRA, or that AGFSA lied to the consumer reporting agency about its true reason for marking his account as disputed. *See Duncan,* 149 F.3d at 426. Instead, Plaintiff relies upon his conclusory allegations and then erroneously cites to authority that does not apply to the facts in this case. *See* Plaintiff's Motion for Summary Judgment, at pp. 1-2; *see e.g., Bils v. Nixon,* 880 P.2d 743 (Ariz. App. 1994) (law firm, a third party, impermissibly pulled a credit report of opposing party for use in child-visitation litigation).

Nowhere in Plaintiff's cited cases is there discussion of a party properly reporting a disputed account to the consumer credit reporting agencies. Rather, Plaintiff's cited authorities discuss third parties that nefariously access credit reports for some perceived leverage or advantage in litigation. *See id.* Thus, Plaintiff's cited authorities never address the act of properly reporting an account's disputed status to the credit bureaus, and are accordingly unhelpful to this Court.

In sum, Plaintiff's argument that AGFSA's act of placing a disputed flag on his account violates § 1681q is a blatant mischaracterization of the purpose and scope of §1681q. If Plaintiff were correct, then any account holder or lender could be sued (under this statute applicable to the obtaining of information from a consumer reporting agency via false pretenses) merely for

abiding by its FCRA duty as a furnisher of information and reporting truthful information to the credit reporting agencies. Such a scenario is as implausible as it is illogical. Consequently, any attempt by Plaintiff to amend his Complaint to add a §1681q claim would be futile because it could not survive a Rule 12(b)(6) motion to dismiss.

**D.** **Plaintiff's Threat of Criminal Sanctions In His Motion for Summary Judgment is Illegal and Constitutes Extortion under Nevada Law.**

In Nevada, a party is guilty of extortion if, "with the intent to extort or gain any money or other property or to compel or induce another to make, subscribe, execute, alter or destroy any valuable security or instrument or writing affecting or intended to affect any cause of action or defense," a party threatens directly or indirectly to accuse any person of a crime. *See* NRS 205.320.

Indeed, Plaintiff threatened AGFSA in his menacing undated letter to AGFSA's counsel, stating:

> I have given you a copy of the summary judgment that I will be filing on Monday [arguing for criminal sanctions under §1681q] unless your client decides to come to the table to reach some sort of an [sic] settlement in this matter. Please do not take this lightly. I suggest you speak with your clients and encourage them to settle this matter before Monday.

*See* Undated Letter from Timothy Harris to David W. Dachelet, attached hereto as **Exhibit F.** Plaintiff followed through with his threat by asserting criminal penalties against AGFSA. *See* Plaintiff's Motion for Summary Judgment at p. 2, lines 28-29; § 1681q. In fact, Plaintiff's Motion expressly requests that AGFSA be subject to criminal penalties, up to and including imprisonment for two years. *Id.*

For the foregoing reasons, AGFSA asks that this Court reject Plaintiff's efforts to intimidate and threaten criminal sanctions against AGFSA by denying his Motion for Summary Judgment.

/ / /

/ / /

/ / /

## IV.

## __CONCLUSION__

Plaintiff's Motion for Summary Judgment fails because: 1) Plaintiff never properly pleaded any claim asserting a violation of §1681q in his Complaint; 2) §1681q simply does not apply to AGFSA's alleged conduct; 3) Even had such a claim been properly pleaded and if it were applicable, the allegations present many disputed, material facts regarding AGFSA's conduct upon which summary judgment cannot be awarded against AGFSA as a matter of law; 4) Any attempt to amend the Complaint to allow Plaintiff to plead a claim under §1681q would be futile; and 5) Plaintiff's extortionary and illegal behavior must not be tolerated.

As such, Plaintiff's Motion for Summary Judgment should be denied pursuant to Fed. R. Civ. P. 56 and AGFSA should not be forced to endure any further wrongful retaliation for pursuing its rights to collect on Plaintiff's debt.

DATED this 16th day of December, 2010.

FENNEMORE CRAIG, P.C.


By: __/s/ David W. Dachelet__
DAVID W. DACHELET
Nevada Bar No. 6615
300 S. Fourth Street, Suite 1400
Las Vegas, Nevada 89101

*Attorneys for Defendant American General Financial Services of America, Inc.*

FENNEMORE CRAIG, P.C
LAS VEGAS

LAS/105205.1/12547.009

- 13 -

## CERTIFICATE OF SERVICE

On the 16th of December, 2010, I served the following document(s):

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT**

I served the above-named document(s) by the following means to the persons as listed below:

[ ]    **By ECF System** (or the "Notice of Electronic Filing" to all addressees):

[X]    **By United States Mail**, postage fully prepared to persons and addresses as follows:

Timothy P. Harris
4005 Cherokee Rose Avenue
North Las Vegas, Nevada 89031-3685
*Plaintiff In Pro Per*

[ ]    **By Personal Service (to persons and addresses):**

[ ]    For a party represented by an attorney, delivery was made by handling the document(s) to the attorney or by leaving the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

[ ]    For a party, deliver was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

[ ]    **By Direct Email** (as opposed to through the ECF system (list persons and email addresses). Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ]    **By Facsimile Transmission:** (list persons and fax numbers):  Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below.  No error was reported by the fax machine that I used.  A copy of the record of the fax transmission is attached.

[ ]    **By Messenger:**  I served the document(s) by placing them in an envelope or

package addressed to the persons at the addresses listed below and providing them to a messenger service. (A declaration by the messenger must be attached to this Certificate of Service).

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 16th day of December, 2010.


                                    /s/ Shirley May Martir-Ligot
                                    An Employee of Fennemore Craig, P.C.

FENNEMORE CRAIG, P C
LAS VEGAS          LAS/105205.1/12547.009