UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TIMOTHY P. HARRIS, ) | Case No.: 2:10-cv-01662-GMN-LRL |
| ) | |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| ) | |
| AMERICAN GENERAL FINANCIAL ) | |
| SERVICES, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is Defendant American General Financial Services, LLC's Motion to Dismiss. (ECF No. 6.) Also before the Court is Plaintiff Timothy P. Harris's Motion for Summary Judgment. (ECF No. 15.) The Court GRANTS Defendant's Motion to Dismiss with leave to amend and DENIES Plaintiff's Motion for Summary Judgment as moot.

## I.     INTRODUCTION

Plaintiff's complaint refers to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*., and the Telephone Consumer Protection Act ("TCPA"), Public Law 102-243 as the legal basis for his claims. (Pl.'s Comp. 1:18-19, ECF No. 1.) Plaintiff alleges that as of June 2010 Defendant reported "erroneous, inaccurate and derogatory information" to three national credit reporting agencies. (*Id*. at 1:26-27.) Plaintiff alleges that he sent Defendant and the three credit bureaus written notice disputing the information. (*Id*. at 2:30-38.) Plaintiff lists dates of unsolicited phone calls made by Defendant that appear to be related to the information reported to the credit bureaus. (*Id*. at 5:139-152.) Plaintiff alleges that he was "denied use of his cell phone service based on the fact the Defendant has cost the Plaintiff 'money' in the term of minutes used." (*Id*. at 5:140-141.) Nowhere in his complaint does Plaintiff describe the

substance of the information allegedly provided to credit bureaus by Defendant.

In Count I of his Complaint, under the header "Reporting erroneous and inaccurate information," Plaintiff appears to allege violations of the FCRA under 15 U.S.C. § 1681s-2(a)(1)(B)(i) specifically, or possibly under 15 U.S.C. § 1681s-2(a) generally. (*Id*. at 2-4:42-94.) In Count II, under the header "Failure to mark the account in dispute," Plaintiff alleges violations of the FCRA under 15 U.S.C. § 1681s-2(a)(3) specifically, or possibly under 15 U.S.C. § 1681s-2(a) generally. (*Id*. at 4-5:96-136.)  In Count III, under the header "Telephone Consumer Protection Act Public Law 102-243," Plaintiff cites no statute or case law under which Defendant is alleged to have committed a violation. However, from the reference to the TCPA and Public Law 102-243, Plaintiff appears to allege violations under the Telephone Consumer Protection Act of 1991, Public Law 102-243, 105 Statute 2394 (1991), codified at 47 U.S.C. § 227.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  *See North Star Int'l. v. Arizona Corp. Comm'n*., 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action

with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008). Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996). Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**III.   ANALYSIS**

Plaintiff's claims under Counts I and II are barred because there is no private right of action for violations under 15 U.S.C. § 1681s-2(a). 15 U.S.C. § 1681s-2(c)-(d); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009) ("Duties imposed on furnishers [of information] under subsection (a) are enforceable only by federal or state agencies."). In his Response to Defendant's Motion to Dismiss, Plaintiff cites to case law that discusses 15 U.S.C. § 1681s-2(b), and to regulations promulgated under 15 U.S.C. § 1681s-2(a). (Pl.'s Response to Def.'s Motion to Dismiss.) However, as Defendant points out, none of these confer a private right of action under 15 U.S.C. § 1681s-2(a). Indeed, some of the case law Plaintiff cites explicitly recognizes the lack of a private right of action under subsection (a). *See, e.g.*, *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002) ("…Congress limited the enforcement of the duties imposed by § 1681s-2(a) to governmental bodies.")

Plaintiff's claim under Count III is insufficient to give Defendant fair notice of a legally cognizable claim and the grounds on which it rests. Plaintiff merely lists phone calls allegedly made by Defendant's representatives and the harms Plaintiff suffered from the phone calls. Plaintiff fails to clearly indicate what law Defendant is alleged to have broken, and any response on the part of Defendant can only be guesswork. Furthermore, as Defendant points out in its Motion to Dismiss, statutes that appear to address the facts listed by Plaintiff do not permit a

private cause of action. *See Boydston v. Asset Acceptance LLC*, 496 F.Supp.2d 1101, 1105-1106 (N.D. Cal. 2007). Therefore, this Court grants the Motion to Dismiss as to Count III, with leave to amend pursuant to this opinion.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is **GRANTED without prejudice.**

**IT IS FURTHER ORDERED** that if Plaintiff wishes to proceed with his claim under Count III, he must file a "SECOND Amended Complaint" that is consistent with this order **not later than October 20, 2011**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment is **DENIED as moot**.

DATED this 28th day of September, 2011.

_____
Gloria M. Navarro
United States District Judge