UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TIMOTHY P. HARRIS,                           )
                                             )
              Plaintiff,                  )
    vs.                                    )    Case No.: 2:10-cv-01662-GMN-VCF
                                             )
AMERICAN GENERAL FINANCIAL                   )    **ORDER**
SERVICES, LLC,                               )
                                             )
              Defendant.                  )
                                             )

       Pending before the Court is the Motion to Dismiss (ECF No. 31) filed by Defendant American General Financial Services, LLC.  Pro se Plaintiff Timothy P. Harris filed a Response (ECF No. 37) and Defendant filed a Reply (ECF No. 38).

**I.**    **BACKGROUND**

       Plaintiff filed suit based on Defendant's reports of Plaintiff's delinquent accounts to national credit bureaus.  On September 28, 2011, the Court issued an Order granting Defendant's motion to dismiss Plaintiff's claims (ECF No. 27), and permitting Plaintiff to amend his claim under Count III of his original complaint, which alleged violations of the Telephone Consumer Protection Act ("TCPA"), Public Law 102-243.  Plaintiff filed an amended complaint on October 20, 2011, alleging five claims against Defendant for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA"), and one claim under the TCPA. (ECF No. 29)

       In his Amended Complaint, Plaintiff explains this failure to file an amended complaint consistent with the Court's Order, arguing that "upon appeal the courts will side with the Plaintiff [regarding Plaintiff's FCRA claims] and this case will have to be sent back to this court for further proceedings.  Plaintiff also states that he "will stipulate to the courts[sic] decision under section III of Plaintiff's original complaint and will cease arguing this point if the court

will consent to the fact that the Plaintiff has a private right of action under 1681n & o and 1681s-2(a) & (b) which is under the FCRA 15 U.S.C. 1681 *et seq*." (Pl.'s Am. Compl., 3:15-18.)

## II. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Arizona Corp. Comm'n*., 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept*., 530 F.3d 1124, 1129 (9th Cir.2008). Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996). Mindful of the fact that the Supreme Court has "instructed the federal courts to

liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### III. DISCUSSION

As Defendant notes and Plaintiff appears to recognize, the Court only gave Plaintiff leave to amend his claim under the TCPA. The Court acknowledges that Plaintiff may appeal the dismissal of his claims under the FCRA, and limits its analysis here to Plaintiff's amended claim under the TCPA.

In its previous Order, the Court explained that "Plaintiff fails to clearly indicate what law Defendant is alleged to have broken, and any response on the part of Defendant can only be guesswork." (Order, 4:23-24.) The Court also noted that "statutes that appear to address the facts listed by Plaintiff do not permit a private cause of action." (Order, 4:25 – 5:1.)

In the Amended Complaint, Plaintiff restates his claim verbatim as alleged in Count III of his original Complaint, and adds two additional paragraphs. (Pl.'s Am. Compl., 15:7-28.) The first paragraph restates the legal standard under Federal Rule of Civil Procedure 8 and under *Bell Atlantic Corp. v. Twombly*. Plaintiff also refers to "227b and 227d," which appears to invoke 47 U.S.C. § 227. The second paragraph appears to argue that because Defendant has not shown proof of an account with Plaintiff and because there is no permissible purpose for

Defendant to make the listed calls to Plaintiff's cell phone, Defendant has violated the TCPA.

Section 227(b) describes restrictions on the use of automated telephone equipment. 47 U.S.C. § 227(b).  It prohibits the use of "any automatic telephone dialing system or an artificial or prerecorded voice" to make a call to emergency telephone lines, hospital and health care facility guest rooms, or to any telephone number for which the called party is charged for the call, other than for emergency purposes or with the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A).  It also prohibits the initiation of "any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party," except in emergency situations or other exempted situations. 47 U.S.C. § 227(b)(1)(B).  It also provides for a private right of action for violations of subsection (b). 47 U.S.C. § 227(b)(3).

Section 227(d) describes technical and procedural standards for communications using telephone facsimile machines or automatic telephone dialing systems. 47 U.S.C. § 227(d).  This subsection does not provide for a private right of action for violations, instead describing the Federal Communications Commission's authority to promulgate regulations pursuant to this subsection.

Here, Plaintiff has failed to allege that Defendant used an automatic telephone dialing system or an artificial or prerecorded voice in calling his cell phone.  In fact, Plaintiff appears to allege specific persons who called his phone by listing the first names of persons alleged to have made each call.  Plaintiff's allegation that Defendant had no permissible purpose or permission to make these calls therefore fails to state a claim under subsection 227(b) or 227(d) of the TCPA.  As with Plaintiff's original Complaint, Plaintiff has again failed to state a claim upon which relief can be granted, and has failed to give Defendant adequate notice of any other claims against Defendant, if any are being alleged.  Accordingly, Plaintiff's claim will be dismissed, with prejudice, and this case will be closed.

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 31) is **GRANTED**. The Clerk shall enter judgment accordingly, and close this case.

**DATED** this 14th day of June, 2012.

_____
Gloria M. Navarro
United States District Judge